Harry Fred PALMER, III, Appellant,

v.

STATE of Indiana, Appellee.

No. 880S353.

Supreme Court of Indiana.

Jan. 30, 1981.

Rehearing Denied March 3, 1981.

Harriette Bailey Conn, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Harry Fred Palmer attempts to appeal a case which has already been decided by this Court. We decided this cause on March 22, 1979. *State v. Palmer,* (1979) Ind., 386 N.E.2d 946. The trial court received a certified copy of our opinion on June 8, 1979.

For purposes of disposing of this attempted appeal, we again set forth the relevant procedural facts of this case. On September 12, 1977, appellant Palmer was charged with first degree burglary under Ind.Code § 35–13–4–4 (Burns 1975). On January 16, 1978, he withdrew his plea of not guilty and entered a plea of guilty as charged. On February 13, 1978, Palmer was sentenced by regular Judge William Bontrager to serve a sentence of not less than ten nor more than twenty years, as provided by the statute. Our legislature had further provided, in § 35–7–1–1, that first degree burglary was one of several enumerated crimes for which the sentencing court was prohibited from suspending the sentence and placing the defendant on probation. However, Judge Bontrager found this provision to be unconstitutional, and decreed that Palmer should serve a sentence of one year, the balance of the sentence to be suspended and Palmer to be placed on probation for a period of five years.

The State appealed the trial court's ruling. We held that the trial court had no

authority to enter an order suspending Palmer's sentence, since the trial court was limited to sentencing him under the provisions of the applicable statutes. The cause was then remanded to the trial court with the following holding and order:

"We accordingly hold that the trial court had no authority to enter an order suspending Palmer's sentence and was limited to sentencing the defendant under the provisions of the old code which were applicable at that time. The cause is accordingly remanded to the trial court with instructions to modify its judgment consistent with this opinion."

State v. Palmer, supra, 386 N.E.2d at 950. The entry of our judgment, as set out above, completed this cause to a finality, and left no issues to be decided by this Court or the trial court. The trial judge's only remaining duty on remand was to follow the instructions of this Court by striking the portion of his sentencing order which placed Palmer on probation, and by committing him to the Department of Corrections for a period of not less than ten nor more than twenty years, pursuant to the clear and mandatory language of §§ 35–13–4–4 and 35–7–1–1.

The mandate of this Court to this date has not been carried out by either Judge William Bontrager or Special Judge Richard Sproull. It is apparent that Judge Bontrager chose not to sentence Palmer as the law and our holding obliged him to do. Following the receipt of the certified opinion of this Court on June 8, 1979, Judge Bontrager set the matter for "further proceedings" on June 18. Over the objections of the State, Judge Bontrager thereafter held a series of hearings, the purpose of which was apparently to determine whether Palmer should, in fact, be sentenced for the statutory period. Palmer was permitted to call witnesses to attempt to prove that he had been rehabilitated since the time of his original sentencing, and that to force him now to serve his time would be nothing more than vindictive justice. Judge Bontrager continued the matter from time to time, and Palmer, through his counsel, was granted permission to call witnesses and take depositions of many individuals, including the Director of Corrections of Indiana.

On August 8, 1979, Judge Bontrager recused himself from the case and Special Judge Sproull purported to assume jurisdiction. Special Judge Sproull then began to pursue the same course of action Judge Bontrager had taken, permitting Palmer to offer evidence for the purpose of proving that he should not be made to serve his time, but should be allowed to continue on probation. Finally, on September 7, 1979, Judge Sproull did sentence Palmer. He stated in his order that he felt the original sentencing of Palmer was erroneous, that Palmer had been rehabilitated, and that it would be cruel and unusual punishment to have him serve the statutory time. Special Judge Sproull concluded that since this Court had ordered the sentence to be executed, he had no choice but to carry out that order. He then sentenced Palmer to not less than ten nor more than twenty years, and ordered that Palmer be given credit for the 365 days he had served. Special Judge Sproull denied Palmer's request for continued probation and ordered him to report to the Indiana Reception and Diagnostic Center on October 1, 1979. Judge Sproull then fixed an appeal bond in the sum of five thousand dollars, and instructed Palmer on the procedures to follow to appeal this judgment. Palmer filed the five thousand dollar appeal bond on September 11 and a motion to correct error on November 2. The motion to correct error was overruled on January 31, 1980, and a motion for relief from the trial court's order was also denied on that date. This attempted appeal followed.

Thus, we now have before us documents which purport to be an appeal in a cause which has already been decided by this Court and in which no appealable issues remain. There is a right to appeal an error in the sentence imposed upon a guilty plea, but that right does not obtain in this case. Weyls v. State, (1977) Ind., 362 N.E.2d 481. Special Judge Sproull made it appear that he was following the directives of this

Court by articulating the sentence required. However, he then permitted Palmer to be released by posting an appeal bond where no appeal was available. Because no appeal was available, Palmer had no right to be released under such pretenses.

This record presents to us nothing short of legal gymnastics by the regular judge and the special judge to avoid the clear duty facing them under the statutes, the order of this Court, and the oaths of their office; instead, they attempted to effect the result thought by them to be a better idea. Obviously, that idea was to have Palmer remain free, as indeed he has done to this day. If there is some persuasive reason or convincing philosophy why Palmer should not have to serve his time, those arguments should be directed to an application for executive clemency or perhaps a petition for postconviction relief. In the meantime, it is incumbent on the trial court and on this Court to follow the law.

The original appeal from the guilty plea and the sentencing thereon presented only one issue; there, the State challenged the jurisdiction of the trial court to put Palmer on probation when the statute prohibited him from doing so. We found in that appeal that the trial court had no authority to suspend Palmer's sentence and put him on probation, and we ordered that the trial judge sentence Palmer accordingly. A petition for rehearing was denied, and a certified opinion was issued to the trial judge. At that point, there was nothing for the trial judge to do except follow our instructions by striking his suspension and probation order and committing Palmer to the Department of Corrections. There was nothing further for the trial court to hear or decide; therefore, there is nothing to be presented now to this Court for decision on appeal. This attempted appeal is a nullity, and any orders or findings by either trial judge, other than those showing compliance with the orders of this Court, are also null and void. Therefore, this appeal is dismissed, and this cause is again remanded to the trial court with orders to immediately commit Palmer to the Department of Corrections to serve the sentence imposed on him under the statute.

We further find that Judge William Bontrager and Special Judge Richard Sproull have directly violated a clear mandate of this Court in a manner that appears to be contemptible of this Court. Accordingly, an order shall issue forthwith directing both judges to personally appear before this Court and show cause why they should not be held in indirect criminal contempt of this Court. Judgment accordingly.

All Justices concur.