Patrick M. DOLAN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3-880A242.

Court of Appeals of Indiana,
Third District.

June 3, 1981.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Patrick M. Dolan appeals the denial of his petition for post conviction relief. In 1976 Dolan was charged with uttering a forged prescription.[1] Dolan entered a plea of guilty pursuant to a plea agreement. Later he was sentenced to three years and placed on probation.

In 1978, while still on probation for the 1976 offense, Dolan was charged with a second offense of uttering a forged prescription.[2] A second plea agreement was entered: Dolan pled guilty to violation of probation and to the second offense of uttering a forged prescription; and, the prosecutor recommended the reimposition of the three year sentence for the 1976 offense plus four years—to be served consecutive-

ly—for the 1978 offense. The court accepted the plea agreement and sentenced Dolan accordingly. Dolan now urges the following issues for our review:[3]

(1) Whether Dolan entered his plea of guilty to the second offense knowingly, intelligently, and voluntarily;

(2) Whether the trial court erred in not listing aggravating circumstances for imposition of a sentence greater than the presumptive sentence for the second offense;

(3) Whether the imposition of the consecutive sentence for the second offense violated the constitutional proscription against *ex post facto* laws; and,

(4) Whether Dolan was properly credited with time served prior to sentencing for the first offense.

We affirm the judgment of the trial court upon issues one through three. We remand issue four to the trial court for recomputation of Dolan's presentence time credit.

I.

Guilty Plea

Dolan contends his guilty plea to the second charge of uttering a false prescription was not made knowingly, intelligently and voluntarily due to the failure of the trial court to fully comply with the mandates of IC 1976, 35–4.1–1–3 (Burns Code Ed., 1979 Repl.) [Ind. Code § 35–4.1–1–3 (1976)]. Specifically, Dolan asserts the fact the trial court failed to meet subsections (b) and (d) which provide:

"The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

\*　　\*　　\*　　\*　　\*　　\*

"(b) informing him that by his plea of guilty he is admitting the truth of all

---

1. Ind. Code § 16–6–8–3 (1971) (amended, Ind. Acts 1973, P.L. 144, § 2, Ind. Acts 1977, P.L. 184, § 3).

2. Ind. Code § 16–6–8–3 (Supp.1980).

3. In a post conviction relief proceeding, the petitioner has the burden to prove his grounds for relief by a preponderance of the evidence.

The judge presiding at the hearing is the sole judge of the credibility of witnesses and the weight of the evidence. The determination of that judge will be reversed upon appeal only where the evidence is without conflict and leads unerringly to a different result. *Johnson v. State* (1980), Ind., 406 N.E.2d 1170; *Fuller v. State* (1979), Ind., 391 N.E.2d 1137.

facts alleged in the indictment or information or to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

\* \* \* \* \* \*

"(d) informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences. . . ."

The State does not contest Dolan's assertion. However, the State contends Dolan's plea, when the record is considered as a whole, was entered in a knowing, intelligent and voluntary manner. We agree.

■ An examination of the guilty plea proceedings establishes that Dolan was not advised his guilty plea would be an admission of the truth of all facts in the information. However, the trial court did read the information to Dolan. Thereafter, the court asked Dolan if he had gone over the charge in the information with his attorney. Dolan stated that he had. The court then asked Dolan if that was the charge to which he was pleading guilty. Dolan stated that it was. The court then required Dolan to state in his own words the activities which involved the offense to which Dolan was pleading guilty. Dolan related those activities to the court. Later on during the proceedings, the court asked Dolan on more than one occasion if the facts and statements made were true and honest. Dolan always answered in the affirmative.

Dolan's present assertion regarding subsection (b) was answered in *Lockert v. State* (1979), Ind., 391 N.E.2d 613, 615, where the Court stated:

"With respect to petitioner's claim that he was not advised that by pleading guilty he would be admitting the truth of the facts contained within the indictment, once again the trial court's advisement failed to comply literally with the language in the statute, however, we do not find it to be reversible error in this case. In establishing a factual basis for the plea, the State introduced into evidence a statement made by the petitioner subsequent to his arrest. In his statement the petitioner admitted to having been a participant in the felony murder with which he was charged. At the guilty plea hearing, in response to questions by the trial judge, the petitioner stated that the facts contained in the statement were true. Inasmuch as the truth of the statement was acknowledged, and inasmuch as the facts therein related constituted the crime charged and to which the petitioner entered his guilty plea, we find that the trial court's advisement under the circumstances of this case, sufficiently conformed with § 35-4.1-1-3 as to constitute an adequate inquiry into the voluntariness of the plea."

Similarly, we find the procedure followed by the trial court in this case to have sufficiently complied with IC 35-4.1-1-3(b). Dolan admitted the facts, statements, and charges made in the information, as discussed with his attorney, and as related in his own words were true and honest representations. As in *Lockert*, we conclude that this is an adequate inquiry to assure the defendant knowingly, intelligently and voluntarily entered his plea.

■ A further examination of the record establishes the trial court failed to specifically state the sentence for the second offense could or would be served consecutive to the first sentence. Again, however, the record as a whole reveals Dolan entered his plea knowingly, intelligently, and voluntarily.

Dolan's plea agreement stated in part:

"Defendant, PATRICK M. DOLAN, does, in fact, enter said plea of guilty and admit his probation violation, the State of Indiana, and the Defendant, PATRICK M. DOLAN, and the Defendant's counsel, will jointly recommend to the Court that the Defendant receive a three (3) year sentence . . . pursuant to a violation of his probation . . . and that the Defendant *shall additionally receive a four (4) year sentence consecutive to the sentence* [for parole violation] . . . .

"That if the recommendation of the State of Indiana, the Defendant, and his counsel, is accepted by the Court, and if the Defendant is, in fact, *sentenced to a period of incarceration of three (3) years for his probation violation . . . and four (4) years thereafter* for his [second offense of uttering a forged prescription] then, and in that event, the State of Indiana will dismiss page 2 of the Information filed . . . charging the Defendant with being a Habitual Criminal Offender." (Emphasis added.)

[/S/ Patrick M. Dolan]

At Dolan's arraignment, the following dialogue occurred:

"[Prosecutor] Your Honor, with regard to that hearing, that is apart [*sic*] of a plea bargain that has been discussed and agreed between the defendant himself, his counsel and the Prosecutor's office and relates to not only the violation of probation, but also to his second offense for uttering a forged prescription.

"[Court] Have you had an opportunity to go over this Prosecuting Attorney's recommendation, Mr. Dolan?

"[Dolan] Yes, I have, Your Honor.

"[Court] Oh, I see. You and your attorney have—oh, yes, you've signed it, right?

"[Dolan] Right.

"[Court] So, you have had opportunity to read it.

"[Dolan] Yes, Your Honor.

"[Court] You're familiar with the contents, then?

"[Dolan] Yes, I am, Your Honor."

Thereafter, the trial court judge, Judge Hughes, told Dolan:

"[Court] The court is placed in somewhat of a position here by reason that tomorrow is my last day in court and there'll be a new Judge who will pass sentence upon you in the other cause pending against you and I can only say that I would accept the Prosecuting Attorney's recommendation. You would have to assume also that Judge Jones who will assume the bench here January 1 at the time he passes sentence upon you in the other charge pending against you

will also accept the recommendation. However, if he does not and there's any controversy over it, I want it understood that you have a right withdraw any pleas that you make in these causes. Do you understand this?

"[Dolan] Yes, I do."

Dolan then entered his plea of guilty and a sentencing hearing was set for a later date. At the sentencing hearing, presided over by the new judge, Judge Jones, the following dialogue occurred:

"[Court] Do you also understand that there was a plea bargain agreement executed by yourself, . . . your attorney at that time and also executed by . . . a Deputy Prosecuting Attorney?

"[Dolan] Yes, I do.

"[Court] Do you understand what that plea bargain contains?

"[Dolan] Yes, sir.

"[Court] Do you understand that the bargain indicates that you were to be sentenced, I understand or had been sentenced already to three years on a prior charge?

"[Dolan] Right.

"[Court] Or have your probation revoked would be a better way of saying it and ordered to serve that term and that in addition to that, the penalty in this offense is that you are to serve four years, which will be consecutive with the violation of probation.

"[Dolan] Right."

Judge Jones then stated:

"Inasmuch as I have already indicated I'd give my consent to the plea bargain agreement, I feel it's incumbent I live by my own agreement and that I accordingly accept the recommendation which is entered into by all parties."

Whereupon, it was entered in the record:

"[T]he defendant was sentenced to the Indiana Department of Corrections for a period of four years, which sentence was to run consecutive to a sentence imposed [for violation of probation]. The defendant was given credit for 42 days in confinement prior to this date, which amount

the Court recommended as good time credit."

No objections were made by Dolan or his counsel regarding the consecutive sentence.[4]

Prior to imposition of the sentence, Dolan repeatedly acknowledged the contents of the plea agreement. Additionally, the consecutive four year sentence was specifically pointed out to Dolan prior to imposition of the sentence. Even after Dolan entered his plea, the court allowed Dolan the opportunity to withdraw his plea, since he was then before a new trial judge. Both the judge at his arraignment (Judge Hughes) and the judge at his sentencing hearing (Judge Jones) informed Dolan that he could withdraw his plea prior to imposition of the sentence. Although the strict letter of the statute was not followed, we are convinced from the record as a whole, Dolan made a knowing, intelligent and voluntary plea. *Mathis v. State* (1980), Ind., 406 N.E.2d 1182; *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714; *White v. State* (1980), Ind. App., 412 N.E.2d 1269. The following statement, found in *White, supra,* 412 N.E.2d at 1270, is particularly applicable:

"Although we again urge trial judges to specifically deal with each part of IC 35–4.1–1–3, under the circumstances of this case and the record before us, it is apparent the guilty plea was freely, knowingly and voluntarily given."

## II.

### Aggravating Circumstances

Dolan next contends that the trial court erred in not entering in the record the reasons for increasing his sentence from the presumptive sentence of two years to the maximum allowable sentence under statute of four years.[5] IC 1976, 35–50–1A–3 (Burns Code Ed., 1979 Repl.) [Ind. Code § 35–4.1–4–3 (Supp.1980)] provides:

4. At this juncture in the proceedings, the prosecutor moved to have the charge against Dolan of habitual criminal offender dismissed. That charge was dismissed by the court and the terms of the plea agreement were then fulfilled.

5. Dolan plead guilty to a Class D felony. Ind. Code § 16–6–8–10 (Supp.1980). Under Ind. Code § 35–50–2–7(a) (Supp.1980):

"Before sentencing a person for a felony the court must conduct a hearing to consider the facts and circumstances relevant to sentencing. The person is entitled to subpoena and call witnesses and otherwise to present information in his own behalf. The court shall make a record of the hearing, including:

"(1) a transcript of the hearing;

"(2) a copy of the presentence report; and

"(3) if the court finds aggravating circumstances or mitigating circumstances, a statement of the court's reasons for selecting the sentence that it imposes." ·

Citing this statute, and its interpretation in the cases of, *Page v. State* (1980), Ind., 410 N.E.2d 1304; *Dailey v. State* (1980), Ind., 406 N.E.2d 1172; and, *Gardner v. State* (1979), Ind., 388 N.E.2d 513, Dolan argues the trial court erred in imposing the four year sentence without stating the reasons for the enhanced penalty. We disagree.

In the cases cited by Dolan, the terms of the defendants' sentences were within the discretion of the trial court at the time the sentence was to be imposed. At the time Dolan's sentence was imposed, the trial court had already exercised its sentencing discretion by accepting the prosecutor's recommendation. The trial court, exercising its discretion, can either accept or reject the prosecutor's recommendations. IC 1976, 35–5–6–2(b) (Burns Code Ed., 1979 Repl.) [Ind. Code § 35–5–6–2(b) (1976)]; *State ex rel. Goldsmith v. Marion County Superior Court* (1981), Ind., 419 N.E.2d 109; *Moyer v. State* (1978), Ind.App., 379 N.E.2d 1036. If the trial court accepts the prosecutor's recommendation, the court is bound by the terms of that agreement. IC 35–5–6–2;

"A person who commits a Class D felony shall be imprisoned for a fixed term of two (2) years, with not more than two (2) years added for aggravating circumstances...."
Thus, Dolan was sentenced to the maximum term allowable under the statute.

*State ex rel. Goldsmith, supra; Moyer, supra.* Once the trial court accepts the prosecutor's recommendation and is bound by the sentencing terms contained therein, any further sentencing discretion of the trial court is foreclosed. *State ex rel. Goldsmith, supra.*

■ The record before us establishes Dolan knowingly, intelligently and voluntarily entered his plea of guilty pursuant to the prosecutor's recommendation accepted by the trial court. Under this plea agreement, the "bargained" sentence for the 1978 offense was four years. The plea agreement clearly establishes that Dolan, his counsel, and the prosecutor agreed upon the four year sentence. The trial court accepted the prosecutor's recommendation and the four year sentence contained therein. The trial court was then bound by the terms of the agreement and had to impose the four year sentence.

■ Under IC 35–50–1A–3, the court must hold a hearing to consider the "facts and circumstances relevant to sentencing," and to list the aggravating and mitigating "circumstances" as reasons for selecting the sentence imposed. Where the court *must* impose the sentence contained in the plea agreement, the only "facts and circumstances relevant to sentencing" are the sentence recommendations contained in the plea agreement. And, the only "circumstances" or reasons for selecting the sentence imposed are the sentence recommendations in the plea agreement. Clearly, when the trial court must impose the sentence pursuant to a binding plea agreement, the only facts and circumstances relevant to the issue of the defendant's sentence are the terms of the agreement. There is no error in the trial court failing to state the reasons for imposing a sentence if the record clearly establishes that the sentence was imposed pursuant to a binding plea agreement. *See, Munger v. State* (1981), Ind.App., 420 N.E.2d 1380 (# 3–1280 A 387 handed down June 3, 1981.)

## III
### *Ex Post Facto* law

■ Dolan next asserts the imposition of the four year sentence consecutive to the three year sentence violates the constitutional proscriptions against *ex post facto* laws. U.S.Const. Art. 1, § 9; Ind.Const. Art. 1, § 24. Under the new penal code, IC 1976, 35–50–1–2 (Burns Code Ed., 1979 Repl.) [Ind. Code § 35–50–1–2 (Supp.1980)], if a second offense is committed while the defendant is on probation, parole or serving a term of imprisonment for another offense, the sentence for the second offense is to be served consecutive to the sentence for the other offense. Dolan points out that under the old penal code, Ind. Code § 35–8–7.5–1 (repealed October 1, 1977, Ind. Acts 1977, P.L. 340, § 151), the comparable statute provided for a consecutive sentence only if the second offense was committed while defendant was released on bail pending the trial or during an appeal of a criminal conviction.

Dolan's second offense of uttering a forged prescription was committed in 1978 while on probation for the 1976 offense. The old penal code was clearly in effect at the time of the 1976 offense. Thus, argues Dolan, the imposition of the four year sentence consecutive to the other sentence—in accordance with the new penal code—was the prohibited retroactive application of the new penal code. Dolan is clearly in error.

The imposition of the four year sentence consecutive to the three year sentence was mandatory. IC 35–50–1–2 provides:

"(a) Except as provided in subsection (b) of this section, the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

"(b) If a person commits a crime:

"(1) After having been arrested for another crime; and

"(2) Before the date he is discharged from probation, parole, or a term of imprisonment imposed for that other crime; the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed."

Though the sentence was imposed pursuant to the sentencing term of the plea agreement, the imposition of the four year sentence for the second offense—committed while on probation for the first offense—consecutive to the three year sentence was statutorily mandated. The trial court could not do otherwise. *Palmer v. State* (1981), Ind. 415 N.E.2d 707.

Ind. Code § 35–50–1–2 (Supp.1980), mandating the imposition of the four year sentence to be served consecutively, became effective October 1, 1977. Ind. Acts 1977, P.L. 340, § 151. Dolan committed the second offense for uttering a forged prescription on December 1, 1978. Dolan apparently assumes the imposition of the four year consecutive sentence is an enhanced penalty for the 1976 offense. This assumption is clearly erroneous. The imposition of the consecutive sentence is the penalty for the 1978 offense. On October 1, 1977, the law was effective and notice to all would-be offenders: Sentences for offenses committed by individuals on probation "shall be served consecutively." IC 35–50–1–2. One year and two months after this effective date, Dolan committed the second offense while on probation for the first.

In the recent case of *Weaver v. Graham* (1981), —— U.S. ——, 101 S.Ct. 960, 67 L.Ed.2d 17, the Supreme Court found a Florida statute which decreased the "good time" a prisoner could earn to violate the *ex post facto* prohibition. In *Weaver*, the Court stated:

> "[T]wo critical elements must be present for a criminal or penal law to be *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. . . .
>
> "Critical to relief under the *Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." (Footnotes omitted)

*Id.*, 101 S.Ct. at 964–65. Addressing the issue whether the Florida statute was in fact retrospective in nature, the Court further stated: "The critical question is whether the law changes the legal consequences of acts completed before its effective date." *Id.* 101 S.Ct. at 965. Clearly, the 1978 offense was committed subsequent to October 1, 1977, the effective date of the new penal statute. There was no *ex post facto* violation. *See, Banton v. State* (1979), Ind.App., 390 N.E.2d 687.

### IV.

### Presentence Credit Time

■ Finally Dolan contends he was not properly credited with time served prior to sentencing. In May of 1978, Dolan was in the Marshall County jail on charges unrelated to this appeal. On May 16, 1978, an allegation of violation of probation was filed against Dolan in the Elkhart Superior Court. On the same day that court issued a bench warrant as a detainer for the arrest of Dolan for the alleged probation violation. On May 25, 1978—pursuant to the warrant—Dolan was arrested and transferred to the Elkhart County jail. On July 11, 1978, Dolan was transferred to the Indiana Diagnostic Center under a Marshall County Commitment order. Thereafter, the Elkhart Superior Court imposed the three year sentence pursuant to the plea agreement for the probation violation. Without explanation, Dolan was credited with only thirty four days presentence time served. We find this to be in error.

In *Owen v. State* (1979), Ind., 396 N.E.2d 376, the Court examined the issue of presentence time served credit under the then controlling statute, IC 35–8–2.5–1 (repealed).[6] In *Owen*, the defendant had charge one pending against him at the time of his arrest for charge two on August 3, 1976. The defendant was tried and convicted for charge one and sentenced for that offense on January 11, 1977. Thereafter,

---

6. Although the *Owen* Court did not specifically cite IC 35–8–2.5–1 (repealed), the Court relied solely upon the case of *Franks v. State*, (1975), 262 Ind. 649, 323 N.E.2d 221 to resolve this issue. The *Franks* Court did specifically address this statute and its effect.

the defendant was tried and convicted of charge two and sentenced on October 6, 1977. The trial court credited the defendant for presentence time served for charge two from the date of his arrest (August 3, 1976) to the date of his sentencing for charge one (January 11, 1977). The trial court specifically refused to allow the defendant credit time for the time served after the sentencing date for charge one. Following the precedent of *Franks v. State*, (1975), 262 Ind. 649, 323 N.E.2d 221, the *Owen* Court reversed the trial court stating:

"In *Franks, supra*, it was the unanimous opinion of this Court that a defendant who was awaiting trials on different crimes during the same period of time and who was convicted and sentenced separately on each should have full credit applied on each sentence. Franks was arrested on October 13, 1971, and sentence was imposed on March 23, 1973. During that same time Franks was tried and convicted in another proceeding. It was held that Franks should have been credited for time served from the time of his arrest on the charge until the time of sentencing on the charge.

"Here, [defendant] was arrested on this charge on August 3, 1976, and sentence was imposed on October 6, 1977. During that time he was also tried and convicted in another proceeding. Appellant's contention is correct that he should be given credit for time served from the day of his arrest until the day of his sentencing and it is so ordered."

396 N.E.2d at 383. The Court in *Owen* and *Franks* established the rule that a defendant is to be granted presentence time served credit for the time spent imprisoned from the date of arrest for a charge to the date of sentencing for that charge.

The controlling statute in *Owen* and *Franks* stated in pertinent part:

"[T]he sentencing court shall order that the sentenced person be given credit toward service of his sentence for any days spent in confinement as a result of the criminal charge for which sentence is im-

posed or as a result of the conduct on which such charge is based."

IC 35–8–2.5–1 (repealed). The Legislature replaced that statute with the following provisions:

IC 35–50–6–4:

"(a) A person imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class I."

and, IC 35–50–6–3:

"(a) A person assigned to Class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing."

We conclude these new provisions to merely continue the rule established in *Owen* and *Franks*.

IC 35–8–2.5–1 (repealed) allowed credit time only when served "as a result of the criminal charge for which sentence is imposed or as a result of the conduct on which such charge is based." That statute set the prerequisite that the time served be the "result of" the sentenced offense. Interpreting that statute—and the *Franks* case—the *Owen* Court stated: "[A] defendant who [is] awaiting trials on different crimes during the same period of time and who [is] convicted and sentenced separately on each should have full credit applied on each sentence." Ind., 396 N.E.2d at 383. By "full credit" the Court clearly established in *Owen* and *Franks* the defendant is entitled to credit time for time spent imprisoned from the date of arrest for an offense to the date the defendant is sentenced for that offense. The *Owen* Court specifically held the defendant is entitled to "full credit" for presentence time served even though such time was also being served toward the execution of a sentence for a prior conviction.

Under the new statute, IC 35–50–6–3, the Legislature omitted the "result of" phraseology found under the repealed provision. We find this to work no change, however, upon the *Owen* and *Franks* rule mandated by our Supreme Court. As noted above, the Court in *Owen* and *Franks* allowed "full credit" where the statute required the time served to be the "result of" the offense for

which the defendant was sentenced. The new statute has the seemingly less restrictive prerequisite of the defendant merely being "confined awaiting trial or sentencing." Therefore, we conclude the *Owen* and *Franks* rule allowing "full credit" to be the same rule subsequently adopted under IC 35–50–6–3.

If called upon to address this statute, we feel the Supreme Court would adopt the same interpretation it held in *Owen* and *Franks*. Clearly the Legislature did not make that statute more restrictive regarding credit prerequisites; nor, did the Legislature exclude the "full credit" rule established in *Franks* prior to the adoption of IC 35–50–6–3.

The Legislature's omission of the "result of" phraseology creates a second problem. Seemingly, IC 35–50–6–3 has the less restrictive prerequisite for presentence credit. The defendant is credited for time "confined awaiting trial or sentencing." One possible interpretation of this statute would allow a defendant convicted and sentenced for one offense credit toward that one sentence for time spent "awaiting trial or sentencing" for *any* offense. Such an interpretation and application of this legislation would be unreasonable and clearly violate the intent of the Legislature. This we will not do. *See, Pryor v. State* (1973), 260 Ind. 408, 296 N.E.2d 125; *Marks v. State* (1942), 220 Ind. 9, 40 N.E.2d 108; *State v. Moles* (1975), 166 Ind.App. 632, 337 N.E.2d 543.

Although IC 35–50–6–3 states a defendant is allowed credit for time "confined awaiting trial or sentencing," we conclude the Legislature clearly intended the credit to apply only to the sentence for the offense for which the presentence time was served. Any other result would allow credit time for time served on wholly unrelated offenses. Under the criminal justice system, once convicted, the defendant must serve the sentence imposed for the offense committed. Credit time allowed by legislative grace toward a specific sentence clearly must be for time served for the offense for which that specific sentence was imposed.

Thus we offer the following guidelines for determining a defendant's presentence time served credit. The defendant establishes credit when his confinement prior to sentencing results from the offense for which the sentence is imposed. Where a defendant is confined during the same time period for multiple offenses and the offenses are tried separately, the defendant is entitled to a "full credit" for each offense for which he is sentenced. Each "full credit" is determined by the number of days the defendant spent in confinement for the offense for which the defendant is sentenced up to the date of sentencing for that offense. Ordinarily, the presentence time served credit—whether the defendant is held on one or multiple offenses—is determined by the same method. The credit will be the number of days the defendant spent in confinement from the date of arrest for the offense to the date of sentencing for that same offense.

■ Dolan contends he should be given presentence time served credit for the period from May 16, 1978 (the date the warrant for probation violation was issued) to May 25, 1978 (the date Dolan was arrested under that warrant and transferred to the Elkhart County jail). Dolan argues that time period of confinement should be credited toward the three year sentence for probation violation. Clearly, Dolan spent the 16th to 25th of May, 1978 in confinement as the result of charges totally unrelated to the probation violation. Therefore, Dolan did not establish any credit toward the three year probation violation sentence. This continues well established law. *Owen, supra; Franks, supra; Cooley v. State* (1977), 172 Ind.App. 199, 360 N.E.2d 29; *Smith v. State* (1975), 165 Ind.App. 37, 330 N.E.2d 384.

■ Dolan should be credited for the time he spent in confinement from the date of his arrest for the violation of probation (May 25, 1978) to the date of his sentencing for the violation of probation (December 28, 1978). Dolan spent that time period under the arrest warrant for the violation of probation. We also note that Dolan should be given credit for the time he spent in con-

finement for the original 1976 offense (for which he was convicted and placed on probation) from the date of his arrest to the date of his release on bail for that offense.

In *Franks, supra,* the Court stated:

"There is nothing in this record to indicate that the sentence for the murder conviction was to begin after the completion of Appellant's previous sentence. Consecutive sentences may be given only where specifically provided by statute. *Baromich v. State* (1969), 252 Ind. 412, 249 N.E.2d 30, 18 Ind.Dec. 168. There is no statutory provision which requires the conviction in this case to run consecutively to Appellant's previous conviction. Thus, full credit should have been allowed...."

262 Ind. at 655, 323 N.E.2d at 224. As in *Franks*, there is nothing in the present record to indicate the sentences to be imposed under the plea agreement were to begin after the completion of Dolan's imprisonment pursuant to the Marshall County commitment order. Likewise, there is no statute requiring the sentence for the probation violation to be served consecutively. As discussed in the previous section of this opinion, IC 35-50-1-2 requires sentences for crimes committed while on probation to be served consecutively. This same statute does not require the sentence for violation of probation to be served consecutively. We find no other statute which would require such result.

Therefore we remand this cause to the trial court for the computation of Dolan's presentence time served credit. The trial court is affirmed in all other respects.

HOFFMAN, P. J., and GARRARD, J., concur.