**George BURNETT, Petitioner-Appellant,**

v.

**STATE of Indiana, Respondent-Appellee.**

**No. 1–482A80.**

Court of Appeals of Indiana,
First District.

Aug. 24, 1982.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Jack T. Kolze, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Petitioner-appellant George Burnett (Burnett) appeals the denial of his petition for Post-Conviction Relief under Ind.Rules of Procedure, Post-Conviction Rule 1. The sole issue is the proper credit for all time served both prior to and after sentence.

We affirm in part and remand in part with instructions.

## STATEMENT OF THE FACTS

Burnett was charged with Robbery on April 3, 1979, on which date he was in the custody of Ohio authorities for an unrelated offense. A detainer was filed by the prosecutor at that time. He was sentenced for the Ohio offense on May 17, 1979. After an unsuccessful attempt to extradite Burnett, the State made a request for temporary custody of Burnett on July 10, 1979, pursuant to the Interstate Agreement on Detainers under Ind.Code 35–33–10–4 (Supp.1981), and Burnett was returned to Rush County on July 27, 1979. Upon Burnett's subsequent plea of guilty on October 12, 1979, he was sentenced to a determinate sentence of five years by the Rush Circuit Court, the Indiana sentence to be served consecutive to the Ohio sentence. On October 17, 1979, he was returned to Ohio. The trial court in Indiana credited Burnett with 78 days (from July 27, 1979 to October 12, 1979) for time served in Indiana pending disposition of his case. He was returned to Indiana to commence serving the Indiana sentence on June 2, 1980.

## ISSUE

Burnett presents the following issue for review:

I. Whether the trial court erred by not giving the Petitioner credit for all of his pre-and post-sentence jail time.

## DISCUSSION AND DECISION

Burnett claims additional credit for time served as follows: (1) 115 days from April 3, 1979, to July 27, 1979, because of the detainer lodged against him on April 3, 1979; (2) five days from October 12, to October 17, 1979, because it was time served in the Rush County jail; and (3) 229 days he was incarcerated in Ohio from October 17, 1979, to June 2, 1980, claiming that a sentence cannot commence to run *in futuro.*

*Pre-trial credit*

In *Franks v. State*, (1975) 262 Ind. 649, 323 N.E.2d 221, the defendant was arrested on October 13, 1971, for murder and sentenced on March 23, 1973. However, between the arrest and sentence he was charged, convicted, and sentenced on another unrelated offense. The Supreme Court held that he was entitled to a credit on his sentence for all the time served between arrest and sentencing. Basing its decision on Ind.Code 35–8–2.5–2 (now repealed), the court, at 655, stated:

" . . . full credit should have been allowed even though appellant was awaiting two trials on different crimes during the same period and was convicted and sentenced separately on each."

In *Owen v. State*, (1979) Ind., 396 N.E.2d 376, defendant, on August 3, 1976, was in jail with charge one pending in the St. Joseph Circuit Court, when he was arrested on charge two filed in the St. Joseph Superior Court. He was convicted in Circuit Court on charge one and sentenced on January 11, 1977. Later, he was convicted of charge two in Superior Court and sentenced on October 6, 1977. The Supreme Court, following *Franks*, held that he was entitled to a credit on his sentence on charge two for all time from August 3, 1976, his arrest date, to October 6, 1977, his sentencing date. The court, at 383, said:

"In *Franks, supra*, it was the unanimous opinion of this Court that a defendant who was awaiting trials on different crimes during the same period of time and who was convicted and sentenced separately on each should have full credit applies on each sentence."

In *Dolan v. State*, (1981) Ind.App., 420 N.E.2d 1364, the facts were as follows: On May 16, 1978, while Dolan was on probation from Elkhart County for a 1976 offense, and was in jail in Marshall County on an unrelated offense, he was charged in Elkhart County with violation of probation and a warrant was issued. On May 25, 1978, Dolan was arrested pursuant to the warrant and transferred to the Elkhart County jail. On July 11, 1978, Dolan was transferred to the diagnostic center pursuant to the Marshall County commitment. On December 28, 1978, the Elkhart County Court imposed a three year sentence for the violation of probation. Upon these facts the court stated:

"Thus we offer the following guidelines for determining a defendant's presentence time served credit. The defendant establishes credit when his confinement prior to sentencing results from the offense for which the sentence is imposed. Where a defendant is confined during the same time period for multiple offenses and the offenses are tried separately, the defendant is entitled to a 'full credit' for each offense for which he is sentenced. Each 'full credit' is determined by the number of days the defendant spent in confinement for the offense for which the defendant is sentenced up to the date of sentencing for that offense. Ordinarily, the presentence time served credit— whether the defendant is held on one or multiple offenses—is determined by the same method. The credit will be the number of days the defendant spent in confinement from the date of arrest for the offense to the date of sentencing for that same offense.

Dolan contends he should be given presentence time served credit for the period from May 16, 1978 (the date the warrant for probation violation was issued) to May 25, 1978 (the date Dolan was arrested under that warrant and transferred to the Elkhart County jail). Dolan argues that time period of confinement should be credited toward the three year sentence for probation violation. Clearly, Dolan spent the 16th to 25th of May, 1973 in confinement as the result of charges totally unrelated to the probation violation. Therefore, Dolan did not establish any credit toward the three year probation violation sentence. This continues well established law. *Owen, supra; Franks, supra; Cooley v. State* (1977), 172 Ind. App. 199, 360 N.E.2d 29; *Smith v. State* (1975), 165 Ind.App. 37, 330 N.E.2d 384.

Dolan should be credited for the time he spent in confinement from the date of his arrest for the violation of probation (May 25, 1978) to the date of his sentencing for the violation of probation (December 28, 1978). Dolan spent that time period under the arrest warrant for the violation of probation."

420 N.E.2d at 1373.

■ Burnett's confinement from April 3, 1979, to July 27, 1979, did not result from the offense for which the sentence was imposed as required in *Dolan*, but from the Ohio sentence. Indiana made unsuccessful efforts to extradite and confine him, but confinement under the Indiana charge did not commence until temporary custody of him was obtained on July 27, 1979, through the Interstate Agreement on Detainers, which itself was only initiated on July 10, 1979. A detainer is not an arrest. Our Supreme Court, in *Webb v. State*, (1982) Ind., 437 N.E.2d 133, quoting from *United States v. Mauro*, (1978) 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329, said, "A detainer is a 'notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction.'" *Franks, Owens*, and *Dolan* each computed the commencement of the credit time for confinement from the date of arrest. *Dolan* specifically disallowed credit between the filing of the charges and arrest. Burnett makes no argument, other than a bare assertion, nor does he cite any authority as to why he was entitled to credit prior to arrest or actual confinement resulting from the Indiana charge. We are of the opinion that he is not entitled to this credit. However, Burnett is entitled to credit for the five days past sentence confinement in Rush County prior to redelivery to Ohio.

*Post trial credit*

■ Burnett argues that the sentence on the Indiana charge made consecutive to the Ohio sentence is a sentence to commence *in futuro* and is improper. He cites *Holland v. State*, (1976) 265 Ind. 216, 352 N.E.2d 752, which holds that a sentence cannot commence *in futuro*. *Baldock v. State*, (1978) Ind.App., 379 N.E.2d 539, holds that a consecutive sentence cannot be given unless provided by statute. Consecutive sentences are permitted in Ind.Code 35–50–1–2 (Supp.1981). *Duvall v. State*, (1981) Ind., 415 N.E.2d 718, holds that consecutive sentences for separate offenses (multiple robberies of separate persons) under the statute are proper. There is no constitutional right to serve concurrent sentences for separate crimes in Indiana. In *Bewley v. State*, (1966) 247 Ind. 652, 654, 220 N.E.2d 612, the court stated:

"To so hold would minimize the penalty for the commission of additional crimes, since the sentences could all be served more or less concurrently."

This rule applies to sentences in other jurisdictions. *Alford v. State*, (1973) 155 Ind. App. 592, 294 N.E.2d 168; *Woodson v. State*, (1978) Ind.App., 383 N.E.2d 1096. Burnett cites *Woodson* to support his argument, but our examination of that authority leads us to a contrary conclusion.

For the above reasons this cause is affirmed. However, the trial court is ordered to enter credit for the five days of confinement in the Rush County jail served after sentencing.

Judgment affirmed.

RATLIFF, P. J., and ROBERTSON, J., concur.