**Christopher DEWEES,
Petitioner-Appellant,**

v.

**STATE of Indiana, Respondent-Appellee.**

No. 1–782A192.

Court of Appeals of Indiana,
First District.

Jan. 25, 1983.
Rehearing Denied March 3, 1983.

Susan K. Carpenter, Public Defender of Indiana, Paul Levy, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant Christopher Dewees (Dewees) appeals the denial of his motion for presentence jail credit.

We affirm.

## STATEMENT OF THE FACTS

Dewees was arrested by Henry County authorities and confined to jail on a theft charge on August 12, 1981. An information was filed on August 18, 1981. Dewees made bond on September 1, 1981, and remained free pursuant to the bond until September 3, 1981, when he was rearrested by Henry County authorities on new, unrelated theft and burglary charges. The bond under the earlier charge was never withdrawn, and Dewees remained in the Henry County jail until December 30, 1981, when, upon his plea of guilty pursuant to a written plea bargain, he was given a four-year executed sentence for the earlier theft charge. The later, unrelated burglary and theft charges were dismissed pursuant to the same plea bargain. The trial court credited Dewees with 21 days presentence jail time (apparently from August 12 to September 1).

## ISSUE

The sole issue on appeal is whether Dewees is entitled to presentence jail credit against his sentence for theft under the earlier charge, in which he was bonded out,

for the time spent in jail because of his rearrest on the later charges, which were dismissed according to the plea bargain disposing of both cases.

### DISCUSSION AND DECISION

This particular issue is one of first impression. The applicable statutes, enacted in 1976 and amended in 1977, are Ind.Code 35–50–6–4(a) and 35–50–6–3(a):

"35–50–6–4 Credit time assignments

. . . (a) A person imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class I."

"35–50–6–3(a) Credit time classes

. . . (a) A person assigned to Class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing."

The predecessor of these statutes was Ind. Code 35–8–2.5–1 (1976, Repealed) which provided that credit be given for days of presentence confinement,

". . . as a result of the criminal charge for which sentence is imposed or as a result of the conduct on which such charge is based."

Ind.Code 35–8–2.5–2 (1976, Repealed) provided in substance that if the sentences ran concurrently, the credit would be applied to each sentence, and if the sentences ran consecutively the credit would be applied to the aggregate term of the sentences.

*Franks v. State,* (1975) 262 Ind. 649, 323 N.E.2d 221, decided under the old statute, held that when a defendant is awaiting two trials on different crimes during the same period and is convicted and sentenced separately but concurrently, he is entitled to presentence credit on each sentence. *Brown v. State,* (1975) 262 Ind. 629, 322 N.E.2d 708, discussed the constitutional and philosophical underpinnings for the old statute. The Supreme Court noted that the statute requiring credit for all presentence confinement attributable to the same offense, in addition to implementing Fifth Amendment double jeopardy protection,

". . . responds to potential equal protection problems which would arise if presentence confinement were the result of

the inability of a criminal defendant to post bail and thereby secure his release pending trial, resulting in different periods of total confinement being served by two prisoners who had been convicted of the same offense, solely because one had the money to post bail and the other did not. Law and procedures which discriminate against indigent defendants are inconsistent with the promise of equal treatment under law.

\* \* \* \* \* \*

. . . The law confines the use of pre-trial detention to only one end: namely, that the criminal defendant be present for trial. This limitation is implicit in the concept of bail. Art. 1, § 17, Indiana Constitution." (Citations omitted.)

*Id.* at 712, 322 N.E.2d 708. *Owen v. State,* (1979) Ind., 396 N.E.2d 376, followed the reasoning of *Franks. Cooley v. State,* (1977) 172 Ind.App. 199, 360 N.E.2d 29, held that the old statute applied only to time spent in confinement "as a result of the criminal charge for which sentence is imposed or as a result of the conduct on which such charge is based," and held that time spent on a different office in Illinois could not be so applied to an Indiana sentence. *See also, Burnett v. State,* (1982) Ind.App., 439 N.E.2d 174; *Woodson v. State,* (1978) Ind.App., 383 N.E.2d 1096.

In *Dolan v. State,* (1981) Ind.App., 420 N.E.2d 1364, Judge Staton made an exhaustive analysis of the above cases and the change in the statute. The *Dolan* court held at 1372 that *Owen* and *Franks* established the rule that,

". . . a defendant is to be granted presentence time served credit for the time spent imprisoned from the date of arrest for a charge to the date of sentencing for that charge."

*Dolan* concluded that the new provisions, Ind.Code 35–50–6–4(a) and 3(a) merely continued the rule of *Owen* and *Franks.* The *Dolan* court stated that the omission of the "result of" phraseology found in the repealed provision worked no change.

"The Legislature's omission of the 'result of' phraseology creates a second problem. Seemingly, IC 35–50–6–3 has the less restrictive prerequisite for presentence credit. The defendant is credited for time 'confined awaiting trial or sentencing.' One possible interpretation of this statute would allow a defendant convicted and sentenced for one offense credit toward that one sentence for time spent 'awaiting trial or sentencing' for *any* offense. Such an interpretation and application of this legislation would be unreasonable and clearly violate the intent of the Legislature. This we will not do. See, *Pryor v. State* (1973), 260 Ind. 408, 296 N.E.2d 125; *Marks v. State* (1942), 220 Ind. 9, 40 N.E.2d 108; *State v. Moles* (1975), 166 Ind.App. 632, 337 N.E.2d 543.

Although IC 35–50–6–3 states a defendant is allowed credit for time 'confined awaiting trial or sentencing,' we conclude the Legislature clearly intended the credit to apply only to the sentence for the offense for which the presentence time was served. Any other result would allow credit time for time served on wholly unrelated offenses. Under the criminal justice system, once convicted, the defendant must serve the sentence imposed for the offense committed. Credit time allowed by legislative grace toward a specific sentence clearly must be for time served for the offense for which that specific sentence was imposed.

Thus we offer the following guidelines for determining a defendant's presentence time served credit. The defendant establishes credit when his confinement prior to sentencing results from the offense for which the sentence is imposed. Where a defendant is confined during the same time period for multiple offenses and the offenses are tried separately, the defendant is entitled to a 'full credit' for each offense for which he is sentenced. Each 'full credit' is determined by the number of days the defendant spent in confinement for the offense for which the defendant is sentenced up to the date of sentencing for that offense. Ordinarily,

the presentence time served credit—whether the defendant is held on one or multiple offenses—is determined by the same method. The credit will be the number of days the defendant spent in confinement from the date of arrest for the offense to the date of sentencing for that same offense."

*Id.* at 1373. Under the new statute the credit is imposed against the aggregate sentences where consecutive sentences are imposed, and not against each individual sentence. *Simms v. State,* (1981) Ind.App., 421 N.E.2d 698. Where a defendant is in jail on one charge and a second charge is filed, credit on the second charge begins to accrue at the date of the arrest and not the date of filing. *Dolan, supra.*

▪ Here, Dewees was clearly not held more than 21 days on the charge for which he was sentenced. He is not entitled to any credit which may have accrued on a separate charge. The rule and the statute are based on the constitutional guarantees involving double jeopardy and equal protection. The end result is that a defendant, because of time spent in jail awaiting trial, will not serve more time than the statutory penalty for the offense, and will not serve more time than a defendant who has the good fortune to have bail money. However, if one defendant has committed other, different, and additional crimes and another has not, the equal protection considerations are not present. Likewise, if a defendant who has committed additional crimes receives additional penalties, double jeopardy considerations are not present.

For the above reasons, this cause is affirmed.

Affirmed.

ROBERTSON, P.J., and RATLIFF, J., concur.