Robert COGGAIN, Appellant,

v.

STATE of Indiana, Appellee.

No. 984S345.

Supreme Court of Indiana.

May 8, 1985.

Susan K. Carpenter, Public Defender, Bev Cummings, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

This is an appeal from the Elkhart Circuit Court's denial of post-conviction relief.

Defendant-Petitioner-Appellant Robert C. Coggain, a/k/a Robert C. Coggains, pleaded guilty on July 16, 1981, to class B felony voluntary manslaughter, Ind.Code § 35–42–1–3 (Burns 1985). He was sentenced to twenty years imprisonment pursuant to his plea agreement with the State.

We note that Appellant originally was charged with murder for the extremely brutal beating death of his common law wife. A plea agreement subsequently was negotiated, however, and Appellant was allowed to plead guilty to the lesser offense of voluntary manslaughter. The trial judge made the following statement when sentencing Appellant:

"I've had a great deal of difficulty with the plea bargain that was entered, Mr. Coggain. I think the penalty is extremely light for the brutal act that you committed and I had quite a few thoughts about not accepting your plea bargain. If you in fact committed the act, and you have acknowledged through your plea that you have, I think that 20 years is substantially insufficient punishment for you in this cause. As your attorney has indicated, because of the age of the witness for the state, the fact that he's only 7 years of age and that he may not be able to be qualified to testify for a jury, and the further fact that he would have to be testifying against his father and that would cause him some trauma, I am reluctantly accepting the plea bargain. I will sentence you to 20 years at the Indiana Department of Corrections pursuant to the plea bargain and you'll be in the custody of the sheriff to carry out the sentence."

The written plea agreement jointly executed by Appellant and the State included, *inter alia*, the following sentencing recommendation:

"That at the time of sentencing, the State of Indiana, the Defendant and the Defendant's counsel will jointly recommend to the Court that the Defendant, ROBERT C. COGGAINS, receive and serve a twenty (20) year sentence pursuant to his plea of guilty in this action.

The Defendant advises the Court that by executing this document, he withdraws any prior plea of not guilty and informs the Court that he believes that the terms of this recommendation are in his own best interests and further that he understands that the penalty for Voluntary Manslaughter is a determinate term of imprisonment of not less than six (6) years nor more then (sic) twenty (20) years and a fine of up to Ten Thousand ($10,000.00) Dollars. The said ROBERT C. COGGAINS further by executing this instrument specifically acknowledges that the terms and conditions of this recommendation are in his own best interests and he voluntarily accepts the same and agrees to be bound thereby. Further, that this agreement is a voluntary agreement executed by the Defendant's own free will and without duress, coercion or force of any type exerted upon the said ROBERT C. COGGAINS by any person."

Appellant now would ignore this portion of his plea agreement and would have his twenty year sentence set aside because the sentencing judge did not state for the record what aggravating circumstances he used to justify increasing Appellant's sentence from a presumptive ten year term to a maximum twenty year term. Appellant's argument is completely contrary to our case law, however. This Court has held:

"A trial court may exercise its discretion to either accept or reject a plea agreement and sentence recommendation therein. If a court accepts such an agreement, however, that court is strictly bound by the sentencing provision of the agreement and is foreclosed from any further exercise of its sentencing discretion. *State ex rel. Goldsmith v. Marion County Superior Court*, (1981) [275] Ind. [545, 552], 419 N.E.2d 109, 114; *Dolan v. State*, (1981) Ind.App., 420 N.E.2d 1364, 1369. When a trial court finds a recommended and agreed to sentence acceptable, that fact in and of itself justifies the imposition of an aggravated sentence. *Munger v. State*, (1981) Ind. App., 420 N.E.2d 1380, 1386, *reh. denied;*

*Dolan*, 420 N.E.2d at 1370. Moreover, when a defendant pleads guilty pursuant to a negotiated plea agreement, he knowingly and voluntarily recognizes and admits that the sentence is manifestly fair according to the terms of the agreement. *Munger, supra.*"

*Phillips v. State*, (1982) Ind., 441 N.E.2d 201, 207. We find that the only circumstance relevant to the trial court's sentencing of Appellant was the plea agreement negotiated between Appellant and the State. That agreement, standing alone, justified the imposition of Appellant's enhanced sentence. Accordingly, we hold that the trial court committed no error by not stating a reason for imposing upon Appellant an aggravated sentence besides clearly indicating in the record that the sentence was imposed pursuant to a binding plea agreement.

Finding no error, we affirm the trial court in all things.

GIVAN, C.J., and DeBRULER and PRENTICE, JJ., concur.

HUNTER, J., not participating.