**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

Sep 12 2014, 10:15 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CHRISTOPHER L. CLERC**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JOSEPH BRETT MAYER, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 03A04-1401-CR-44 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause No. 03C01-1309-FD-4794
Cause No. 03C01-1110-FC-5539

**September 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Joseph Brett Mayer ("Mayer") was convicted of Operating a Vehicle While Intoxicated ("OWI"), as a Class D felony.[1] He appeals the trial court's calculation of presentence credit time. We affirm.

**Issue**

Mayer presents one issue for review: whether the trial court erred in awarding him two days credit time for the period he was confined prior to sentencing.

**Facts and Procedural History**

On April 16, 2012, Mayer was convicted of Sexual Misconduct with a Minor, as a Class D felony ("FC-5539"). Mayer was sentenced to 260 days imprisonment in the Bartholomew County Jail ("BCJ"), followed by an eighteen-month commitment to the Department of Correction ("DOC"), which was suspended to probation.

While on probation, Mayer was arrested for OWI on August 15, 2013. On August 16, 2013, the State filed a 2nd Verified Petition to Revoke Probation (the "Petition to Revoke") in FC-5539, citing Mayer's OWI arrest and his failure to report for a scheduled probation appointment on August 7, 2013. (Appellant's App'x at 14-15.) On August 20, 2013, the court issued a warrant in FC-5539 and set bond at $50,000. The warrant was served on August 20, 2013. Unable to make bond, Mayer remained incarcerated on the warrant in FC-5539 until January 9, 2014.

---

[1] Ind. Code §§ 9-30-5-2(a) & 9-30-5-3 (2013).

While incarcerated, Mayer, on September 3, 2013, was charged with one count OWI, as a Class D felony ("Count I"), and one count Operating a Vehicle with an ACE of .08 or More, as a Class C misdemeanor ("Count II"). The trial court did not set any additional bond on the new charges.

As part of a plea agreement, Mayer pleaded guilty to Count I. In exchange, the State dismissed Count II and the Petition to Revoke in FC-5539. On January 9, 2014, the court sentenced Mayer to three years commitment to the DOC. The court awarded Mayer "two (2) actual days credit (8/15/13 to 8/16/13) toward the sentence of imprisonment for time spent in confinement as a result of this charge." (Appellant's App'x at 32.)

Mayer now appeals the trial court's calculation of two days credit time.

### Discussion and Decision

Because pre-sentence jail time credit is a matter of statutory right, trial courts generally do not have discretion in awarding or denying credit time. James v. State, 872 N.E.2d 669, 671 (Ind. Ct. App. 2007) (citing Molden v. State, 750 N.E.2d 448, 449 (Ind. Ct. App. 2001)). However, sentencing decisions not mandated by statute are within the discretion of the trial court and will be reversed only upon a showing of abuse of that discretion. Id.

A person "imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class I," and based on that classification, "earns one (1) day of credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing." I.C. §§ 35-50-6-3 & 35-50-6-4 (2013). "Confined awaiting trial or sentencing" has been

3

interpreted to mean confined as a result of the charge for which the defendant is being sentenced. Diedrich v. State, 744 N.E.2d 1004, 1005 (Ind. Ct. App. 2001). That is, "[c]redit time allowed by legislative grace toward a specific sentence clearly must be for time served for the offense for which that specific sentence was imposed." Dewees v. State, 444 N.E.2d 332, 334 (Ind. Ct. App. 1983). Our case law is clear: a defendant is not entitled to credit for time served "on wholly unrelated offenses." James, 872 N.E.2d at 672 (quoting Dolan v. State, 420 N.E.2d 1364, 1373 (Ind. Ct. App. 1981)).

In this case, Mayer is entitled by statute to one day of credit time for each day he was confined awaiting sentencing for OWI. The trial court awarded Mayer two days credit for August 15 and 16, 2013, the time he was held in the BCJ after his arrest for OWI, but before the Petition to Revoke was filed. Thereafter, Mayer remained incarcerated, not for the OWI, but for his inability to make bond on the probation revocation charge. This is clear from the record wherein Mayer's counsel filed a petition for bond reduction, and the trial court "had a hearing and found that [Mayer] was not being held on [this] case because there never was a bond set in it." (Tr. at 7.) And, at Mayer's sentencing hearing, the trial court reiterated that Mayer "wasn't being held on the [OWI]." (Tr. at 8.)

Additionally, while acknowledging that "[a]fter a 48-hour hold, Mayer was held on a Warrant for a Probation violation," he nevertheless contends that, because his arrest for OWI was one of the violations listed on the Petition to Revoke, "[t]he cause for which [he] was convicted and the cause under which [he] was detained are not wholly unrelated."

4

(Appellant's Br. at 4, 5.) He argues that he should receive credit in this case for all time served from August 15, 2013, until his January 9, 2014, sentencing date.

Although Mayer allegedly violated his probation in part by driving while intoxicated, the alleged probation violation in FC-5539 and the OWI are wholly unrelated offenses. See, e.g., I.C. § 35-38-2-3(h) (sanctions for probation violations); I.C. § 9-30-5-3 (OWI, as a Class D felony); Bischoff v. State, 704 N.E.2d 129, 130-31 (Ind. Ct. App. 1998) (treating as wholly unrelated offenses the defendant's convictions for (a) violating probation in an OWI case by carrying an unlicensed handgun and (b) Carrying a Handgun without a License), trans. denied. Because they are wholly unrelated, Mayer is not entitled to any credit in this case for time accrued in FC-5539, even though the probation revocation charge was ultimately dismissed as part of the plea agreement.

**Conclusion**

Mayer has not shown that—other than on August 15 and 16, 2013—he was detained in this case. Accordingly, the trial court did not err in awarding Mayer two days credit time.

Affirmed.

NAJAM, J., and PYLE, J., concur.