RALPH REED *v*. STATE OF INDIANA.

[No. 2-373A63. Filed August 21, 1973. Rehearing denied October 12, 1973. Transfer denied January 17, 1974.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

SHARP, J.—On August 16, 1972 Appellant was charged by way of affidavit of the offense of carrying a pistol without a license under IC 1971, 35-23-4-3, Ind. Ann. Stat. § 10-4736 (Burns 1956 Repl.), to which he entered a plea of not guilty on October 4, 1972. On October 18, 1972 this cause was set for trial on November 3, 1972. On October 31, 1972 the trial counsel appearing for Appellant (not present Appellant counsel) filed a written motion for continuance which stated:

"1. That the attorney for the defendant has a trial in this same Court in State of Indiana v. Ronnie M. Murry at 9:30 A.M. on November 3, 1972.

2. That the attorney for the defendant has State of Indiana v. Gary Shrum, in Municipal Court No. 10 at 2:00 P.M. on November 3, 1972.

3. That the attorney for the defendant has State of Indiana v. James E. Babbit in Municipal Court No. 10 at 2:00 P.M. on November 3, 1972.

4. That the attorney for the defendant has State of Indiana v. Louis Houston in Juvenile Court at 3:30 P.M. on November 3, 1972.

5. That the Houston case has been previously continued.

6. That the above case was scheduled by Pro Tem Judge Hughes at pre-trial conference with full knowledge that a motion for a continuance would be filed to eliminate the conflict.

7. That the above case has not been previously continued.

8. That the attorney for the defendant wants to continue the above case to have time to prepare an adequate defense, to have time to present this defense at trial, and to eliminate the conflict in the scheduling of cases."

This motion for continuance was overruled and a bench trial was held on November 3, 1972 at 2:30 P.M. The Appellant

was found guilty and sentenced for a determinate period of three (3) years.

On this appeal the Appellant asserts error on the denial of said continuance and the insufficiency of the evidence to support the conviction. It should be noted that no error was asserted in Appellant's motion to correct errors with reference to the admission of any evidence.

The Appellant does not contend that his motion for continuance was based on statutory grounds as found in IC 1971 35-1-26-1, Ind. Ann. Stat. § 9-1401 (Burns 1956 Repl.). Therefore, the ruling on it is within the discretion of the trial court. As a general proposition petitions for continuance are not favored and will only be granted in furtherance of justice on a showing of proper grounds. *Miller* v. *State* (1971), 256 Ind. 296, 268 N.E.2d 299, and *Calvert* v. *State* (1968), 251 Ind. 119, 239 N.E.2d 697. The record discloses that Appellant's trial counsel was present and presented a vigorous defense. There was no assertion in the motion to correct errors here or that the quality of the representation of Appellant at his trial was impaired. Apparently Appellant's counsel was able to work out the conflicts in his schedule on the date of trial and to be present and properly represent Appellant. We realize that there are enormous pressures on busy trial judges and busy trial lawyers who constantly fight the clock and the calendar. There is a demand and duty on the trial judge to provide a speedy and fair trial. In this case the trial judge provided a speedy trial and the Appellant has failed to demonstrate anything which renders it unfair.

Turning to the sufficiency question we must commence with the precise charge against the Appellant, which was:

"BE IT REMEMBERED, That on this day personally came the undersigned affiant, who being duly sworn, upon his oath says: That Ralph Reed late of said County and State, on or about August 16, 1972, at and in the County and State

aforesaid, did then and there unlawfully and feloniously carry upon his person a Pistol, without a license therefor, in a place not his place of abode or his fixed place of business, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

The specific contention of the Appellant is that there was no evidence proving that he had a gun in his possession or control on August 16, 1972. On this question of sufficiency we start with the usual touchstone that we will not weigh evidence or determine credibility and only the evidence and inferences most favorable to the State will be considered. *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554.

Officer Miller of the Indianapolis Police testified that a lady stopped him on the street and informed him that Appellant had shot at her from a house located at 1547 North College and that he and several other officers went to that address. At this, point Officer Miller testified:

"Q. And, when you arrived at the scene, what did you observe?

A. We observed Mr. Reed sitting on the porch with some other people . . .

Q. And what did you do?

A. Then, I walked up on the porch and asked Mr. Reed to put his hands up, and he threw a gun over the side of the balcony, into the bushes, grass.

Q. What kind of a gun was it?

A. It was a .32 Smith & Wesson, chrome plated.

The Supervisor of the Firearms Licensing Section of the Indiana State Police testified that Appellant did not have a license to carry a firearm in the State of Indiana on August 16, 1972.

There was contrary evidence by the Appellant and two other witnesses. The Appellant positions his argument on

the reasonableness of the Appellant's evidence and that of his two witnesses and the unreasonableness of the evidence of Officer Miller. The trial court had to sort out and weigh the evidence and had the opportunity to see and determine the credibility of the witnesses. The Appellant has cited us no persuasive reason or authority to disturb the trial court's decision. We, therefore, affirm its decision.

Judgment affirmed.

Hoffman, C.J., concurs; Staton, J., concurs in result.

NOTE.—Reported at 300 N.E.2d 108.