## HARRY J. STOCK *v.* STATE OF INDIANA.

[2-674A133. Filed December 17, 1974.]

*William V. Barteau, John T. Carmody,* of Speedway, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert S. Spear,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—On October 8, 1973, defendant-appellant Harry J. Stock was charged by information with the offense of first degree burglary as defined in IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956), which provides, in pertinent part, as follows:

"(a) Whoever breaks and enters into any dwelling-house or other place of human habitation with the intent to commit any felony therein, or to do any act of violence or injury to any human being, shall be guilty of burglary in the first degree, and on conviction thereof shall be imprisoned not less than ten [10] years nor more than twenty [20] years and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

Following trial before a jury, Stock was found guilty as charged, sentenced to imprisonment for a period of not less than ten nor more than twenty years, and disfranchised for two years. Thereafter, his motion to correct errors was overruled and this appeal was perfected.

An examination of the evidence most favorable to the State discloses that on the morning of October 3, 1973, Miss Marian E. Grim left for work after locking her house. Approximately fifteen minutes after arriving at work she received a telephone call at her place of employment informing her that her house which was located in the City of Indianapolis had been broken into. Miss Grim proceeded to her home and found that the glass near the lock in the back door of the residence had been broken. Missing from the house were two portable television sets, a police radio, a camera and a small amount of money.

Mrs. Vera Rose Johnson, a neighbor of Miss Grim, testified that approximately three days prior to October 3, 1973, she had noticed an automobile parked in Miss Grim's driveway and that the automobile's two male occupants had approached the house and peered through a window. This procedure was repeated on the following day. When the same automobile appeared at approximately 7:15 A.M. on the third day, October 3, 1973, Mrs. Johnson notified the police. Mrs. Johnson also testified that Miss Grim "always left for work around seven five or seven ten."

Mr. Robert B. Bailey, also a neighbor of Miss Grim, testified that on the morning of October 3, 1973, he noticed an automobile parked in Miss Grim's driveway. As he was

watching the automobile, he observed a man exit from the driver's side, open the rear door of the Grim residence and make "some gesture." Thereafter a second man "came running out of the house, came down the steps, * * * crouched down behind the door" of the automobile and "slid in on the passenger side." Mr. Bailey, accompanied by his brother Bruce, subsequently followed the automobile in order to obtain its license number. Mr. Bailey testified that he maintained continuous observation of the vehicle. Both he and his brother were later able to make a positive identification of the automobile's driver as appellant Harry J. Stock.

The first issue to be considered is whether appellant's conviction is supported by sufficient evidence.

In instances in which questions regarding the sufficiency of evidence to support a conviction are raised on appeal, this court may consider only that evidence which is most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. Further, it is not our function to weigh the evidence or determine the credibility of witnesses. *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554. It has been held that a conviction may be sustained upon circumstantial evidence alone so long as the evidence is of such probative value that a reasonable inference of guilt may be drawn therefrom. *Gregory* v. *State* (1972), 259 Ind. 295, 286 N.E. 2d 666. A conviction which rests in whole or in part upon such evidence will not be reversed unless this court can state as a matter of law that reasonable persons, whether they be the jury or, as in the present case, the trial court, could not form reasonable inferences with regard to each material element of the offense so as to ascertain a defendant's guilt beyond a reasonable doubt. *Guyton* v. *State* (1973), 157 Ind. App. 59, 299 N.E.2d 233.

In the present case, two witnesses positively identified appellant as the driver of the automobile which had been present in Miss Grim's driveway and had subsequently fled

from the area. Robert B. Bailey testified that he had observed one of the automobile's occupants open the rear door of Miss Grim's residence and had watched as another man ran from the house and entered the vehicle. Evidence further showed that the glass in the rear door of the Grim residence had been shattered near the lock; that a number of items were removed from the residence; and that appellant had not received permission to enter the residence or remove articles therefrom. The foregoing evidence must be considered of such probative value that an inference of guilt may be drawn beyond a reasonable doubt.

The next issue presented is whether the trial court erred in overruling appellant's oral motion for a continuance on the day of trial.

Where, as in the case at bar, the motion for continuance is not based upon statutory grounds, the ruling on such motion is within the discretion of the trial court. *King* v. *State* (1973) 260 Ind. 422, 296 N.E.2d 113; *Johnson* v. *State* (1970), 254 Ind. 465, 260 N.E.2d 782; *Carlin* v. *State* (1970), 254 Ind. 332, 259 N.E.2d 870; *Reed* v. *State* (1973), 157 Ind. App. 334, 300 N.E.2d 108, 38 Ind. Dec. 205 (transfer denied); *Trinkle* v. *State* (1972), 153 Ind. App. 524, 288 N.E.2d 165, 33 Ind. Dec. 190 (transfer denied). Such ruling must be upheld in the absence of a clear showing of an abuse of discretion. Generally, requests for continuance are not favored and will only be granted in furtherance of justice upon a showing of good cause. Account must be taken not only of the request of a defendant but also of the public interest in the prompt disposition of the case. See: ABA Standards, Speedy Trial, § 1.3, at 5 [Approved Draft, 1968].

Herein, appellant sought a continuance on the day of trial in order that his mother could testify as to an alibi. However, the record reveals that the substance of what the mother's testimony would have been was stipulated and read to the jury. Further, essentially the same set of facts was

testified to by appellant's girlfriend. Appellant has not demonstrated that he was prejudiced in any manner by the trial court's refusal to grant a continuance; and an abuse of discretion on the part of the trial court has not been indicated.

Appellant, in his motion to correct errors, further assigned as error the admission of identification testimony by a prosecution witness. This question has been resolved by the following cases contrary to the interests of appellant: *Kirby* v. *Illinois* (1972), 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411; *Daniels* v. *State* (1974), 160 Ind. App. 582, 312 N.E.2d 890; *McGowan* v. *State* (1973), 156 Ind. App. 344, 296 N.E.2d 667 (transfer denied).

No reversible error having been shown, the judgment of conviction is affirmed.

Affirmed.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 319 N.E.2d 871.