ROBERT REE SMITH *v.* STATE OF INDIANA.

[No. 2-674A134. Filed July 10, 1975. Rehearing denied August 21, 1975. Transfer denied April 26, 1976.]

*Jerry W. Newman,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Robert Ree Smith (Smith) was convicted by a jury of the crime of assault and battery with intent to kill.[1] He appeals following the overruling of his motion to correct errors by the trial court.

Appellant Smith first asserts on appeal that the trial court erred in refusing to grant a motion for discharge made by him under the provisions of Ind. Rules of Procedure, Crimnal Rule 4(A). Such rule provides that a criminal defendant may not be incarcerated on a

1. See: IC 1971, 35-13-2-1, Ind.Ann.Stat. § 10-401(a) (Burns Supp. 1974).

charge, without a trial, for a period exceeding six months where there has been no delay on his part. *State ex rel. Dull* v. *Circuit Court of Delaware Cty.* (1973), 261 Ind. 248, 301 N.E.2d 519.

In the case at bar, it is undisputed that appellant was incarcerated longer than this period. However, appellant appeared in the trial court and waived arraignment on a date within the 6-month period, and at such time his trial was set at a date beyond such 6-month period. Because Smith voiced no objection to the setting of his trial beyond such period, the denial of his motion for discharge by the trial court must be affirmed. *Bryant* v. *State* (1973), 261 Ind. 172, 301 N.E.2d 179.

The next issue which must be considered herein is whether the trial court erred in refusing a continuance requested by appellant moments before his jury trial was to commence. The reason given for such request was that appellant wished to employ an additional attorney to assist in the presentation of his defense at trial. Where, as in the case at bar, a motion for continuance is not based upon certain statutory grounds,[2] the ruling on such motion is within the sound discretion of the trial court. *King* v. *State* (1973), 260 Ind. 422, 296 N.E.2d 113, 115; *Johnson v. State* (1970), 254 Ind. 465, 467, 260 N.E.2d 782; *Carlin* v. *State* (1970), 254 Ind. 332, 335, 259 N.E.2d 870; *Reed* v. *State* (1973), 157 Ind. App. 334, 300 N.E.2d 108 (transfer denied); *Trinkle* v. *State* (1972), 153 Ind. App. 524, 288 N.E.2d 165 (transfer denied).

Such ruling must be upheld in the absence of a demonstration of a clear abuse of discretion. Generally, requests for continuance are not favored and will only be granted in furtherance of justice upon a showing of good cause. *Johnson* v. *State, supra; Stock* v. *State* (1974), 162 Ind. App. 461, 319 N.E.2d 871, 873; *Dockery* v. *State* (1974), 161 Ind. App. 681, 317 N.E.2d

---

2. See: IC 1971, 35-1-26-1, Ind.Ann.Stat. § 9-1401 (Burns 1956); and Ind. Rules of Procedure, Trial Rule 53.4.

453, 458; *Hopper* v. *State* (1974), 161 Ind. App. 29, 314 N.E.2d 98, 103.

In cases such as these, account must be taken not only of the wishes of the defendant, but also of the public in-interest in the prompt disposition of these matters. See: ABA Standards Speedy Trial, § 1.3, at 5 [Approved Draft, 1968].

Appellant contends that the trial court's refusal to grant his request for a continuance compelled him to submit to trial without a counsel of his choice.

However, upon the facts presented, the refusal of a continuance and concomitant rejection of a request for additional counsel was within the sound discretion of the trial court and did not amount to an abuse thereof. In *United States* v. *Cozzi* (7th Cir., 1965), 354 F.2d 637, at 639, the court stated that,

"An accused's Sixth Amendment right to select his own counsel does not permit of arbitrary action which obstructs orderly procedure in the courts. United States v. Bentvena, 2 Cir., 319 F.2d 916, 936. It is a right to be exercised at an appropriate stage within the procedural framework of the system of criminal jurisprudence of which it is a part. Absent justifiable basis therefor there is no constitutional right to make a new choice of counsel, with attendant necessity for a continuance because thereof, at the time the trial is scheduled to commence. * * *."

The appellant in making his request for continuance did not express dissatisfaction with the counsel who had represented him for many months prior to trial. The additional counsel purportedly retained by appellant entered no appearance in the cause and there is no indication in the record that the trial court was otherwise contacted by him prior to trial. An examination of the entire record discloses that appellant was ably represented by his counsel during trial. Under these circumstances, the expeditious administration of justice outweighed appellant's desire for the last minute addition of another attorney. Cf: *U.S.* v. *Hampton* (7th Cir., 1972), 457 F.2d 299.

Appellant also contends that the trial court erred in denying a second request for a continuance for the reason that such continuance was necessary to adequately prepare his defense. This second continuance was requested after the trial court herein had granted a continuance from a Friday to a Tuesday to allow appellant's counsel to meet with him and his family because additional facts had come to light. In requesting the additional continuance, appellant's trial counsel alleged the same grounds. The trial judge then overruled the motion for continuance noting that this cause had been pending over a year and that appellant's counsel had already been granted sufficient time to become prepared.

The request for continuance now at issue was also not made upon statutory grounds. Therefore, as established by the cases cited hereinabove, the granting of such request rested within the sound discretion of the trial court.

The record of this cause discloses that the trial of this matter was postponed four times from December 21, 1972, until May 29, 1973. Appellant's request made only a vague allegation of a lack of preparation at a time when this charge had been pending over a year, and after he had already obtained a continuance for the same reason. In these circumstances, the denial of a continuance by the trial court was not an abuse of its discretion. Cf: *State* v. *Irvin; Mogle; McAllister* (1973), 259 Ind. 610, 291 N.E.2d 70; *Dockery* v. *State, supra.*

The next issue to be considered is whether the trial court erred in admitting certain photographs in evidence. In each instance, appellant Smith objected to the photographs as irrelevant. In the recent case of *Patterson* v. *State* (1975), 263 Ind. 55, at 61, 324 N.E.2d 482, at 486, our Supreme Court stated:

> "The relevancy of photographic evidence may be determined by an inquiry as to whether a witness would be permitted to describe verbally the objects photographed." (Citations omitted)

One of the photographs to which appellant objects depicted the victim as she appeared prior to the assault and battery. The apparent purpose for which this photograph was admitted was to demonstrate to the jury the shocking change in the appearance of the victim which the battery by appellant had occasioned.

The statute under which appellant was charged, IC 1971, 35-13-2-1, Ind. Ann. Stat. § 10-401(a), (Burns Supp. 1974), requires as an element of the offense "intent to kill another human being * * *." It has been held that evidence of the length of time a victim was hospitalized due to a battery was admissible in a prosecution under this statute as proof of such intent. See: *Arnett* v. *State* (1969), 251 Ind. 685, 244 N.E.2d 912. Because the photograph in the case at bar likewise tended to establish the extent of the injuries inflicted upon the victim, such information was equally relevant and properly admissible.

The remaining photographs to which appellant objects depicted the scene of the crime as it appeared immediately following the crime. The relevancy of such photographs is apparent. The witnesses described the physical surroundings where the crime occurred. Such testimony was competent, relevant and admitted without objection. The trial court did not abuse its discretion in admitting such photographs. *Patterson* v. *State, supra; New* v. *State* (1970), 254 Ind. 307, 259 N.E.2d 696; *Kiefer* v. *State* (1958), 239 Ind. 103, 153 N.E.2d 899.

Appellant next contends that the failure of the State to call a certain witness denied him his constitutional right of confrontation. Such witness was the complaining witness, and was listed as a witness on the affidavit. However, this question has previously been decided adversely to appellant. See: *Allbritten* v. *State* (1974), 262 Ind. 452, 317 N.E.2d 854; *Kirk* v. *State* (1971), 256 Ind. 480, 269 N.E.2d 751; *Denton* v. *State* (1965), 246 Ind. 155, 203 N.E.2d 539.

Appellant's final contention is that the trial court erroneously refused to credit certain periods of incarceration against

his sentence. Appellant was arrested on the instant charge on March 18, 1972. Thereafter, he was released on bond. On March 29, 1972, appellant was incarcerated in a Federal prison on another conviction. In sentencing appellant, the trial court ordered that he receive credit toward his sentence for one day spent in confinement on this charge.

Appellant contends, in essence, that he should receive credit against his sentence for the period that he was incarcerated by Federal officials after the trial court herein assumed jurisdiction over him.

However, it must be noted that appellant's incarceration during such period was occasioned by his conviction in Federal court, and not by reason of the charges in the case at bar. It is true that the trial court herein obtained physical custody of appellant from Federal officials at certain times under a writ of *habeas corpus ad prosequendum,* but it is clear that at such times the trial court's custody of appellant was with the permission and on behalf of Federal officials.

IC 1971, 35-8-2.5-1, Ind.Stat.Ann. § 9-1828 (Burns Supp. 1974), provides:

> "When sentencing any person convicted of a crime the sentencing court shall order that the sentenced person be given credit toward service of his sentence for any days *spent in confinement as a result of the criminal charge for which sentence is imposed or as a result of the conduct on which such charge is based.* The court shall specify in its order of commitment the number of days credit to which the person sentenced is entitled pursuant to this section." (Emphasis supplied.)

In the instant case, it cannot be said that such period of incarceration resulted from the criminal charge or conduct upon which appellant was sentenced.

Appellant further contends that the period of his incarceration by Federal officials subsequent to the imposition of sentence in this cause must be credited against such sentence. This is because, appellant asserts, the service of a criminal

sentence must commence immediately following the imposition of such sentence.

He concedes that certain statutory language arguably supportive of this position has been declared unconstitutional by our Supreme Court. See: *State ex rel. Pearcy* v. *Criminal Court* (1971), 257 Ind. 178, 274 N.E.2d 519. However, appellant asserts that such is the common law.

The essence of this contention is that these portions of appellant's Federal and State sentences must run concurrently. However, it is established law that there is no right to serve concurrent sentences for different crimes in the absence of a statute so providing, and that concurrent sentences may be ordered only when they are to be served in the same institution. *Alford* v. *State* (1973), 155 Ind. App. 592, 294 N.E.2d 168. Accordingly, this contention is unavailing to appellant.

No reversible error having been shown, the judgment of conviction of the trial court herein must be affirmed.

Affirmed.

Staton, P.J., and Garrard, J., concur.

NOTE.—Reported at 330 N.E.2d 384.