Michael BERTUCCI,
Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 64A03–8802–CR–43.

Court of Appeals of Indiana,
Third District.

Sept. 12, 1988.

Rehearing Denied Dec. 15, 1988.

James V. Tsoutsouris, Porter County Public Defender, Terry E. Johnston, Deputy Public Defender, Valparaiso, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Michael Bertucci appeals from a Porter Superior Court sentencing order which denies him credit for time served imprisoned prior to sentencing.

On March 30, 1985, Michael Bertucci burglarized the Portage Indiana Holiday Inn. He was detained for this burglary on April 11, 1985, by Detective Ballard of the Portage Police Department at the Rolling Meadows, Illinois Holiday Inn. Bertucci was held by Ballard, who never formally arrested him, for approximately ten minutes before being turned over to the Rolling Hills police who arrested him on separate Illinois charges.

After his arrest in Rolling Meadows, Bertucci was imprisoned in Illinois, Texas and

Pennsylvania[1] before being returned to Indiana in August of 1986, pursuant to IC 35–33–10–4, Interstate agreement on detainers.

Bertucci's initial hearing on the Indiana charges was held September 26, 1986. He entered a plea of guilty to the charge of burglary, a class B felony, on June 25, 1987 and was later sentenced to twenty years in prison.[2] The trial court judge determined that Bertucci's sentence was to commence on July 22, 1987, the date of sentencing. No presentence credit was granted.

From the denial of presentence credit Bertucci appeals.

Bertucci first argues that he should be credited for the time he was imprisoned from the date of his detainment and arrest in Rolling Meadows, Illinois on April 11, 1985 until the date of his sentencing on July 22, 1987. He argues that *Dolan v. State* (1981), Ind.App., 420 N.E.2d 1364 supports his position.

In *Dolan,* the defendant violated his probation from an earlier charge by committing a second similar offense. When the warrant for probation violation was issued on May 16, 1978, Dolan was in jail on *unrelated* charges. He was arrested for the probation violation on May 25, 1978. Dolan pled guilty to violation of probation and to the second offense. He was sentenced on December 28, 1978 for the two new offenses and the earlier sentence, for which he was on probation, was reimposed. The trial court credited Dolan with only 34 days of presentence credit which the Court of Appeals found to be in error.

The court in interpreting IC 35–50–6–3, the credit time statute, offered the following guidelines for determining presentence credit:

Where a defendant is confined during the same time period for multiple of-

fenses and the offenses are tried separately, the defendant is entitled to a 'full credit' for each offense for which he is sentenced. Each 'full credit' is determined by the number of days the defendant spent in confinement for the offense for which the defendant is sentenced up to the date of sentencing for that offense. . . . The credit will be the number of days the defendant spent in confinement from the date of arrest for the offense to the date of sentencing for that same offense.

*Dolan,* 420 N.E.2d at 1373.

Based on this reasoning the court held that Dolan should be credited for the time spent imprisoned from the date of arrest for violation of probation May 25, 1978 to the date of his sentencing. Bertucci urges the same should be ordered by this court.

However, Bertucci fails to discuss another part of the holding in *Dolan.* Dolan originally argued he should be credited with the time spent in jail beginning on May 16, 1978, the date the warrant for his probation violation was issued rather than May 25. The court held:

Clearly, Dolan spent the 16th to 25th of May, 1978 in confinement as the result of charges totally unrelated to the probation violation. Therefore, Dolan did not establish any credit toward the three year probation violation sentence. This continues well established law. *Owen [v. State* (1979) Ind., 396 N.E.2d 376], *supra; Cooley v. State* (1977), 172 Ind.App. 199, 360 N.E.2d 29; *Smith v. State* (1975), 165 Ind.App. 37, 330 N.E.2d 384.

*Dolan,* 420 N.E.2d at 1373.

▪ Bertucci should not be credited for the time spent incarcerated in Illinois and in federal prisons. Like the time period for which Dolan was not allowed credit, the time Bertucci spent imprisoned in these

---

1. From the record, the sequence of events and dates leading to Bertucci's return to Indiana is unclear. Apparently he first served time in an Illinois jail; then he was transferred to Texas federal prison, and then to federal prison in Lewisburg, Pennsylvania. The agreement on detainers was issued from the Pennsylvania prison where Bertucci served six months of a ten year sentence. At the time of the detainer

the date he would be eligible for parole from this sentence was unknown. From the record it seems that Bertucci will be serving the rest of his federal prison time in Texas on counterfeiting charges.

2. This sentence is to run concurrently with the Texas sentence.

foreign states was for crimes unrelated to the Indiana charges.

The Indiana Supreme Court in *Dorsey v. State* (1986), Ind., 490 N.E.2d 260, supports this proposition. The court held that: "The determination of a defendant's pretrial credit is dependent upon two criteria: (1) pretrial confinement and (2) which was a result of the criminal charge for which sentence is now imposed. *Dolan v. State* (1981), Ind.App., 420 N.E.2d 1364." The court went on to hold that "[W]hen multi-state charges have been filed against an appellant, he has the burden on appellate review to establish that his out of state confinement was a direct result of the criminal charges which were filed against him by another state." *Dorsey* at 269. The appellant, Bertucci, has not met his burden in the present case.

The time Bertucci spent in out of state confinement was *not* a direct result of the Indiana burglary charge. After being detained in Illinois for ten minutes by a Portage, Indiana police officer, Bertucci was ultimately arrested and jailed based on independent Illinois charges, not as a direct result of the Indiana burglary.[3] Bertucci was then turned over to federal authorities. The time spent in federal prisons in Texas and Pennsylvania was apparently for counterfeiting; again, clearly not a direct result of the Indiana charge. Since Bertucci's pretrial confinement in Illinois and federal prisons was not a direct result of the Indiana burglary charges, he should not be granted pretrial credit for the time spent incarcerated in Illinois and federal prison.

■ Bertucci next argues that he should be credited with the time from the date the Porter County authorities received the "Agreement on Detainers—Offer to Deliver Temporary Custody" from federal officials on August 25, 1986. In the alternative he argues he should be credited from the time Porter County issued its detainer warrant for Bertucci from the federal prison system. At both of these times Bertucci was in an out-of-state federal prison be-

ing held on counterfeiting charges. He was clearly not being held as a result of his Indiana burglary charges and should not get credit from either of these dates.

The case at bar is factually similar to *Dorsey v. State, supra.* Dorsey was imprisoned in Michigan on July 6, 1981. On August 13, 1981 Indiana authorities sent a detainer warrant to Michigan for Dorsey. Dorsey was sentenced on the Michigan offense on January 20, 1982 and was subsequently returned to Indiana on May 3, 1982.

On appeal Dorsey argued he should have received "pretrial credit either from the date the Michigan sentence was imposed, January 20, 1982, or the date that the Indiana authorities sent a detainer to the Michigan authorities August 13, 198[1]." *Dorsey* at 269. The Supreme Court found neither of these dates to be the correct time from which to determine presentencing credit. Instead, the court affirmed the trial court which credited the appellant with the time from the date he arrived back in Indiana to face Indiana charges until the date of sentencing.

Bertucci's final argument is that at a minimum he should be credited for the time spent in Porter County Jail awaiting trial and sentencing for the burglary of the Portage Holiday Inn.

Throughout its brief the state argues that because Bertucci was being held pursuant to a conviction that had been reduced to a commitment, he should not receive any presentence credit. In other words, since Bertucci was already serving time in federal prison for counterfeiting, the time spent in Porter County Jail was merely part of that same sentence and not as a result of the Portage burglary. This is not the law in Indiana.

In *Ramirez v. State* (1983), Ind.App., 455 N.E.2d 609, *affd.* (1985) 471 U.S. 147, 105 S.Ct. 1860, 85 L.Ed.2d 113, *reh. den.* 471 U.S. 1112, 105 S.Ct. 2350, 85 L.Ed.2d 866, the appellant was granted 322 days of cred-

---

3. Apparently, the Illinois charges against Bertucci were eventually dropped. However, this fact was only alluded to in the record.

it for time spent in the Howard County, Indiana jail awaiting trial and sentencing, after being returned to Indiana by Michigan authorities. On appeal, the state argued that Ramirez should not be credited with the time because he was also receiving credit against his Michigan sentence pursuant to the Agreement on Detainers, IC 35–2.1–2–4, Art. 5(f).[4] The court in *Ramirez* held the state was incorrect. Since the Michigan and Indiana sentences were assumed to be concurrent, Ramirez was entitled to have all 322 days credited to both sentences. *See Ramirez* at 617, citing *Simms v. State* (1981), Ind.App., 421 N.E.2d 698; *Dolan v. State, supra.*

■ In the present case Bertucci should be credited with the time spent in Porter County Jail. While there Bertucci was confined as a result of the burglary of the Portage Holiday Inn, the crime for which his twenty year sentence is now imposed. Unlike the time spent incarcerated in foreign states for crimes unrelated to the Indiana charges, the time spent in Porter County Jail was a direct result of burglarizing the Portage Holiday Inn. Hence, Bertucci meets the criteria necessary for presentence credit: (1) presentence confinement (2) which is a result of the criminal charge for which sentence is now imposed as required by *Dorsey* and *Dolan, supra.*

Pursuant to IC 35–33–10–4, Art. 5(f) and the holding in *Ramirez*, the time Bertucci spent in Porter County Jail should also be credited to his concurrent federal sentence.

From the record the exact date of Bertucci's return to Indiana is unknown. So it is impossible for this court to determine the number of days Bertucci should be credited. Thus, we remand with instructions to determine the exact date Bertucci arrived in Indiana, which is the date from which he should be given presentence credit.

Reversed as to the determination of presentence credit and remanded for a redetermination thereof consistent with this opinion. In all other respects the conviction is affirmed.

STATON and MILLER, JJ., concur.

**4.** Repealed by Acts 1981, P.L. 298, Sec. 9(d). Current statute at IC 35–33–10–4, Article 5(f). While the interstate compact addresses application of time spent serving the sentence and for purposes of computing good time of the sending state, it does not specifically address the treatment of such time in the receiving state.