**Ralph COHEN, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 45S00–8711–CR–01023.**

Supreme Court of Indiana.

Oct. 23, 1990.

William L. Touchette, Lake County Appellate Public Defender, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen. and Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Ralph E. Cohen was convicted of attempted murder, a class A felony, Ind.Code §§ 35-41-5-1, 35-42-1-1 (West 1986), following a jury trial. The trial court sentenced Cohen to forty years in prison.

Cohen raises three issues on direct appeal:

I. Whether the trial court erred by permitting use of Cohen's criminal record to impeach him after the State did not formally disclose the record in pre-trial discovery.

II. Whether the trial court erred by admitting photographs of Cohen's East Chicago Heights police badge and identification card when the State had not disclosed the evidence in pre-trial discovery.

III. Whether the trial court erred in awarding Cohen only 186 days of presentence confinement credit.

### Facts

The evidence supporting the jury's verdict reveals that appellant Ralph Cohen was an East Chicago Heights police officer who first met the victim, Lee T. Hamilton, in a professional capacity. In July 1983, Cohen arrested Hamilton and charged him with an assault on Edith Jones, a woman with whom Hamilton shared a residence in East Chicago Heights.

In October 1983, Edith Jones was beaten to death. A short time thereafter, Cohen and Hamilton spoke at "Helen's Donut Shop" in Chicago, where Cohen accused Hamilton of being responsible for Jones' death. Cohen told Hamilton that he was going on vacation, and that after returning he would have Hamilton indicted for the murder.

At around 5 p.m. on November 1, 1983, Cohen appeared at the Park Forest, Illinois, apartment of Mary Gilmore, a second woman with whom Hamilton had a relationship. Cohen identified himself as a police officer, and Hamilton let him into the house. Cohen said that he wanted to do some follow up work on Edith Jones' death. Cohen asked Hamilton to go for a ride to Indiana to discuss the matter, but Hamilton refused. Hamilton did agree to ride around the block with Cohen to discuss the issue. Ms. Gilmore saw Cohen arrive and observed the interchange between the two men.

Rather than take Hamilton around the block, Cohen took him to Cohen's apartment in Chicago Heights, Illinois, ostensibly to get some paper to take notes. At the apartment, Cohen pointed a gun at Hamilton, told him that he was under arrest for murder, and handcuffed Hamilton's hands behind his back. Cohen took Hamilton back to his car and proceeded to drive beyond the Chicago Heights police department, on to the state of Indiana. En route, Cohen told Hamilton that he was being paid $10,000 to put two bullets into Hamilton's head.

Cohen drove Hamilton to a cornfield in Merrillville, Indiana. At the field, Cohen took Hamilton out of the car and aimed the gun at Hamilton's head. Hamilton dropped to the ground, whereupon Cohen aimed and shot Hamilton twice, hitting him once on the left side of his jaw and once in the shoulder near the neck. With Hamilton lying motionless on the ground, Cohen fled the scene.

### I. Impeachment by Criminal Record

■ Cohen argues that the trial court erred in allowing the State to use a prior Illinois conviction for robbery to impeach him during cross-examination. Cohen contends that because the State in its answer to discovery promised to provide the criminal records of the defendant as they became available, yet failed to do so, the robbery conviction should have been excluded.

Our standard of review for claims of trial court error on violations of discovery orders was stated in *Van Cleave v. State* (1987), Ind., 517 N.E.2d 356, 365, *cert. denied*, 488 U.S. 1019, 109 S.Ct. 819, 102 L.Ed.2d 808 (1989):

> The trial court is in the best position to determine the effect of violations of its discovery orders.... Therefore, it is afforded broad discretion in ruling on discovery matters, and this Court reverses its decisions only in cases of clear error. *Wallace v. State* (1985), Ind., 474 N.E.2d 1006. A discovery violation will generally not result in reversal unless prejudice has resulted.

Despite the State's failure to produce Cohen's criminal record in discovery, the defense knew that Cohen had previous convictions in Illinois. Indeed, Cohen was incarcerated in Illinois when he was brought to Indiana for trial. Cohen's counsel admitted that he discussed Cohen's criminal record with his client before putting him on the stand. Counsel also acknowledged that at the time Cohen took the stand, he and Cohen believed that the defendant had previously been convicted in Illinois for assault and battery as well as for deceptive practices.

Appellant argues that he would not have testified at trial had he known through discovery that he had the impeachable offense of robbery on his record. Cohen contends that he did not know he had pled guilty to robbery when he entered his plea in Illinois. The trial court was unpersuaded by Cohen's argument. It noted that the defendant was a thirty-three year old former police officer, not a naive teenager. The court indicated that it did not believe that Cohen did not understand why he was in prison in Illinois at the time that he was sent to Indiana for trial. In addition, there

was no evidence that the State's failure to disclose Cohen's criminal record was an intentional act of bad faith. *Cf. Carter v. State* (1987), Ind., 512 N.E.2d 158, 170–71 (bad faith proper element to consider in case of alleged discovery abuse). Although the State had access to Cohen's criminal record prior to trial and did not disclose it, the State could readily have assumed that the record's content was easily within the reach of a defendant currently serving time for the crimes listed therein. We cannot say that the conclusion reached by the trial court was clearly erroneous, and therefore there are no grounds for reversal on this point.

## II. Admission of Photographs

Cohen next contends that photographs of his police badge and identification card should not have been admitted into evidence because they were not disclosed by the State in its answer to discovery. Cohen also complains that the witness presenting those items, Officer Sean Linder, was not listed on the State's answer to discovery.

■ Contrary to appellant's contention, the record shows that Officer Linder was listed as a witness in a supplemental motion filed on March 19, 1987. The State was therefore entitled to call Officer Linder as a witness. Moreover, the defense did not object when he was called.

■ Officer Linder testified without objection that, in the course of his investigation of a motor vehicle accident, the defendant identified himself to Linder with the badge and identification card in contest. The photographs of these objects, exhibits six and seven, were not provided by the State in advance of trial. We cannot say that the trial court's admission of straightforward photographs of objects already described by a witness without objection was clearly erroneous, our standard for review of alleged violations of discovery orders under *Van Cleave*. There are no grounds for reversal on this point.

## III. Presentence Confinement Credit

■ Cohen last argues that the trial court improperly calculated his pretrial confinement credit. Cohen claims that he is entitled to 1,124 credit days rather than the 186 days awarded by the trial court. Cohen believes that he is entitled to credit for the 508 days apparently served in Illinois between January 28, 1984, when the Lake Superior Court sent a warrant as a detainer to the sheriff of Cook County, Illinois, and June 19, 1985, when Cohen posted bond on the Indiana charges. Cohen also believes that he is entitled to 616 credit days for time served between October 10, 1985 and June 18, 1987. Cohen apparently served 434 of these 616 days in Illinois between October 10, 1985, when a detainer from Indiana was filed with the Cook County sheriff, and December 18, 1986, when Indiana took temporary custody over Cohen. Between December 18, 1986, and his sentencing on June 18, 1987, 182 days later, Cohen remained in Indiana custody.

Pretrial credit days are granted under the credit time statute, Ind.Code § 35–50–6–3 (West 1986). As we stated in 1986:

> The determination of a defendant's pretrial credit is dependent upon two criteria: (1) pretrial confinement and (2) which was a result of the criminal charge for which sentence is now imposed. *Dolan v. State* (1981), Ind.App., 420 N.E.2d 1364. ... However, when multistate charges have been filed against an appellant, he has the burden on appellate review to establish that his out-of-state confinement was a direct result of the criminal charges which were also filed against him by another state.

*Dorsey v. State* (1986), Ind., 490 N.E.2d 260, 269; *see also Bertucci v. State* (1988), Ind.App., 528 N.E.2d 90, *trans. denied.*

As stated in *Burnett v. State* (1982), Ind.App., 439 N.E.2d 174, 177, a "detainer is not an arrest." Cohen has provided no evidence to show that either the January 28, 1984, detainer or the October 10, 1985, detainer served as a "hold" which would have caused Illinois to retain custody over the defendant even were no Illinois charges

pending. *Cf. Nutt v. State* (1983), Ind. App., 451 N.E.2d 342, 345 (defendant held in Texas on both Texas and Indiana charges entitled to Indiana credit where Texas clearly incarcerated him on basis of Indiana hold).

Cohen has not established any credit for the time between January 28, 1984 and June 19, 1985, or for the time between October 10, 1985, and December 18, 1986. *Dorsey*, 490 N.E.2d at 269; *Bertucci*, 528 N.E.2d at 91; *Dolan*, 420 N.E.2d at 1373. The trial court properly awarded credit only for the time that Cohen was actually held by Indiana between December 18, 1986, and June 18, 1987.

Judgment affirmed.

DeBRULER, GIVAN and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result.