Charles **GARDNER**, Jr., William Gardner, Kevin James, Appellants–Defendants,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–9904–CR–144.

Court of Appeals of Indiana.

Feb. 28, 2000.

Transfer Denied May 4, 2000.

Timothy J. O'Connor, Indianapolis, Indiana, Attorney for Appellants.

Jeffrey A. Modisett, Attorney General of Indiana, Sarah E. Scherrer, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

ROBB, Judge

### Case Summary

Charles Gardner, Jr., William Gardner, and Kevin James ("appellants")[1] appeal their convictions for involuntary manslaughter, Class C felonies,[2] following a jury trial. We affirm.

### Issues

Appellants raise two issues for our review which we restate as:

1. Whether there was sufficient evidence to sustain their convictions for involuntary manslaughter; and

2. Whether the trial court erred in denying appellants' joint motion to dismiss the charges against them.

---

1. The three appellants filed a joint brief containing the same argument for each. For the sake of brevity and because the analysis for each of the appellants would be identical, this opinion covers each appellant with the same discussion. Thus, although we do not address each separately, each appellant's case has been given separate consideration.

2. Ind.Code § 35–42–1–4.

## Facts and Procedural History

The facts most favorable to the verdict reveal that on May 29, 1998, appellants, among others, attacked Matthew McGarvey. One of the other individuals present, Ronald Williams, struck McGarvey in the head with a two-foot-long metal pole. After being struck in the head with the pole, McGarvey fell to the ground. The group continued to hit and kick him while he lay on the ground. Eight days after the attack, McGarvey died as a result of blunt force injury he sustained to his head.

Appellants were each charged with murder, a Class A felony. At trial, it was discovered that 150 pages of handwritten notes prepared by a detective working on the case had not been disclosed to the appellants via discovery. These notes revealed that Adair Smith, a witness that identified appellants as three of the individuals involved in the attack on McGarvey, had been furnished with a motel room for two days from the victim assistance program of the Indianapolis Police Department because she had recently given birth and there was no electricity at her apartment. The trial court judge acknowledged that the information should have been provided to the appellants and granted a recess for the notes to be copied and for appellants' trial counsel to review the notes. Based on the fact that the notes had not been provided to them prior to trial and that information about the motel stay as compensation to a witness was contained in the notes, appellants moved for a motion to dismiss. The trial court found that there was no prejudice to the appellants and denied the motion.

The jury was instructed on accomplice liability and the lesser included offense of involuntary manslaughter. The jury found the appellants guilty of involuntary manslaughter. They now appeal.

## Discussion and Decision

### I. Sufficiency of the Evidence

Our standard of review when considering the sufficiency of evidence is well settled. We will not reweigh the evidence or consider the credibility of witnesses. *Weaver v. State*, 702 N.E.2d 750, 752–53 (Ind.Ct.App.1998). Only the evidence most favorable to the verdict, together with all reasonable inferences that can be drawn therefrom will be considered. *Id.* If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom, then a conviction will be affirmed. *Id.*

In order to prove that appellants were guilty of involuntary manslaughter, the State was required to prove that appellants killed another human being while committing or attempting to commit: a Class C or D Felony that inherently poses a risk of serious bodily injury, a Class A misdemeanor that inherently poses a risk of serious bodily injury, or battery. Ind. Code § 35–42–1–4. However, under the theory of accomplice liability, the State only needed to demonstrate that appellants "knowingly or intentionally aid[ed], induce[d], or cause[d] another person to commit" involuntary manslaughter. Ind. Code § 35–41–2–4.

Appellants contend that, because McGarvey died from blunt force trauma to the head and because there was no testimony or evidence to the effect that any one of them struck McGarvey in the head, the victim was killed by Williams, the individual who struck him in the head with the metal pole. Appellants assert that because there is no testimony that they struck McGarvey in the head, they did not kill him and cannot be guilty of involuntary manslaughter. Thus, appellants argue there is insufficient evidence to support their convictions. Appellants further claim that there is no evidence that would indicate that they were accomplices because there was nothing presented "to suggest that [appellants] had a conscious objective to aid, induce, or cause Ronald Williams to batter McGarvey, nor does any evidence suggest that they were aware of a high probability that they were aiding, inducing

or causing Williams to batter McGarvey." Joint Brief of the Appellants at 10.

■ When determining whether a defendant aided another in the commission of a crime, some of the factors we consider include: "(1) presence at the scene of the crime, (2) companionship with another engaged in a crime, (3) failure to oppose the commission of the crime, and (4) the course of conduct before, during, and after the occurrence of the crime." *Edgecomb v. State*, 673 N.E.2d 1185, 1193 (Ind.1996) (citation omitted).

■ At trial, the State presented a witness, Smith, who testified that she saw McGarvey being beaten by the appellants. She testified that she saw the appellants punching McGarvey while he was still standing, that Williams had a black metal pole with which he struck McGarvey in the head, and that McGarvey subsequently fell to the ground. Smith further testified that once McGarvey was on the ground the appellants kicked and punched him. Once they stopped, Smith stated that she could hear "everybody laughing." R. 280.[3]

Smith's testimony provided ample facts that would allow a reasonable trier of fact to determine that appellants aided Williams. Appellants were present at the crime scene, participated in the attack, did not oppose or try to stop the beating, and afterwards were laughing. We will not reweigh the evidence or judge the credibility of the witnesses. The evidence is sufficient to support the appellants' convictions.

## II. *Motion to Dismiss*

Appellants argue that the trial court erred in denying their motion to dismiss the charges against them because the State failed to provide them with copies of the notes the detective had made. These notes contained information that Smith, a key witness, had received a two night motel stay courtesy of the victim assistance program of the Indianapolis Police Department. Appellants argue that although the

prosecutor had a copy of these notes, when he was asked by the trial court judge whether or not Smith had been given any concessions for her testimony or cooperation with the case, he answered no. Thus, appellants assert that concessions were, indeed, given to Smith and that these concessions were kept from them. As such, they contend that their motion to dismiss should have been granted.

■ Our standard of review on appeal of discovery matters is that "[t]he trial court is in the best position to determine the effect of violations of its discovery orders." *Cohen v. State*, 560 N.E.2d 1246, 1248 (Ind.1990). Thus, trial courts are afforded broad discretion in ruling on discovery matters, and we will reverse only in cases of clear error. *Id.* Generally, a discovery violation will not result in reversal unless prejudice has resulted. *Id.* Further, "the appropriate standard of review in all instances of prosecutorial failure to disclose evidence: [is that] 'evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result would have been different.'" *Lyons v. State*, 600 N.E.2d 560, 564 (Ind.Ct.App.1992) (citation omitted).

■ Appellants are correct in their assertion that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Goodner v. State*, 714 N.E.2d 638, 642 (Ind. 1999) (citation omitted). Thus, "suppression of material evidence by the prosecutor may violate a defendant's due process rights." *Id.* Evidence is material if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. 'A reasonable probability' is a probability sufficient to undermine

---

**3.** Three records were filed in this appeal, one each for the appellants. The record that this citation refers to is the record filed for Kevin James.

confidence in the outcome." *Williams v. State,* 714 N.E.2d 644, 649 (Ind.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 1195, —— L.Ed.2d ——, 2000 WL 198110 (Feb. 22, 2000) (citation omitted).

First, it is essential to note that appellants were allowed time to copy and review the information prior to the end of the trial. Further, the trial judge stated that Smith could be recalled and questioned about the "concessions" given to her and the detective could be cross examined about it as well. Thus, even if received prior to trial, the information would not have changed the outcome of this case. Although we are aware that Smith's credibility is very important in this case, as she was the only eyewitness to the attack as well as the witness that identified the appellants, her credibility was questioned at trial. She stated that she was in the neighborhood to buy marijuana the night that the attack on McGarvey occurred. She also testified to prior use of cocaine and current use of marijuana. Given the facts of this case, there was not a reasonable probability that the result would have been different and clear error is not present. Thus, the court did not err in denying appellants' motion to dismiss.

Notwithstanding the fact that we find there was no error here, we want to express the seriousness with which we consider claims of prosecutors failing to supply defendants with discovery and the fact that we find such behavior unacceptable and troublesome. Although we do not determine whether the failure to provide the information in the instant case was done in good or bad faith, we do note that our Supreme Court recently expressed its displeasure with non-disclosure of information and this type of prosecutorial behavior:

> We cannot continue to tolerate late inning surprises later justified in the name of harmless error. Continued abuses of this sort may require a prophylactic rule requiring reversal. In the meantime, there are other sanctions for prosecutorial misconduct. The Indiana Rules of Professional Conduct require a prosecutor to 'make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense.' Rule 8.4(d) also states that it is misconduct for a lawyer to 'engage in conduct that is prejudicial to the administration of justice.' Members of the bar and the trial bench should remember their obligation to report such misconduct to the proper authorities.

*Goodner,* 714 N.E.2d at 642–43 (citations omitted).

Although appellants have requested that we follow the Supreme Court's lead and adopt such a prophylactic rule regarding the failure of prosecutors to provide discovery, that is not a function of our court. The Indiana Supreme Court is the proper forum for the promulgation of such a rule.

### Conclusion

We hold that there is sufficient evidence to support the appellants' convictions for involuntary manslaughter. Further, the trial court did not err in denying the appellants' joint motion to dismiss. Accordingly, we conclude that there was no error.

Affirmed.

BROOK, J., and NAJAM, J., concur.