FILED

Apr 29 2020, 10:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Trampas A. Whalin
Dollard Evans Whalin LLP
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

George P. Sherman
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Reynaldo Ernesto Alvarez, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 29, 2020 <br><br> Court of Appeals Case No. <br> 19A-CR-1906 <br><br> Appeal from the Hamilton Superior Court <br><br> The Honorable Jonathan Brown, Judge <br><br> Trial Court Cause No. <br> 29D02-1810-F3-7142 |

**Crone, Judge.**

# Case Summary

[1] Reynaldo Ernesto Alvarez pled guilty to level 6 felony sexual battery and was subsequently sentenced to two and a half years in the Indiana Department of Correction. Alvarez filed a motion to correct error arguing that the trial court erred during sentencing in declining to give him credit for time spent in the Hamilton County Jail prior to the entry of his conviction and sentencing hearing. The trial court denied the motion. Alvarez now appeals asserting that the trial court abused its discretion in denying his motion. Finding no abuse of discretion, we affirm.

# Facts and Procedural History

[2] Alvarez sexually assaulted F.W. in the front yard of her Hamilton County home. On October 9, 2018, the State charged Alvarez with two counts of level 3 felony rape. Alvarez was arrested and an initial hearing was held on October 11, 2018. The trial court set bond at $100,000. A bond review hearing was held on October 25, 2018. During the hearing, Alvarez, a citizen of El Salvador allegedly seeking political asylum in the United States, admitted that he was aware that United States Immigration and Customs Enforcement (ICE) had placed a "hold" on him. Tr. Vol. 2 at 15. He also informed the trial court that he had pending battery charges in Marion County for battery against a person less than fourteen years of age, that he had previously been convicted in Marion County of battery resulting in bodily injury and for operating a motor vehicle without ever receiving a license, and that he had violated probation on multiple occasions. His counsel argued that due to the ICE hold and other pending

issues, Alvarez was not a flight risk and therefore bond should be reduced. At the conclusion of the hearing, the trial court reduced bond to $50,000, and set the case for a pretrial conference on December 20, 2018. The court scheduled the jury trial for February 5, 2019. Alvarez posted bond on October 17, 2018, and was released from the Hamilton County Jail.

[3] The day before the scheduled pretrial conference, on December 19, 2018, the State filed a motion to continue the conference. The motion stated that Alvarez was now in federal custody and that his counsel had agreed to the continuance. The trial court granted the motion to continue. On December 26, 2018, the State also filed a petition for writ of habeas corpus ad prosequendum. Specifically, the State requested the trial court to issue the writ to the U.S. Department of Homeland Security in Illinois to transport Alvarez to Indiana for the proceedings in the instant case. The trial court granted the State's petition and issued the writ to federal authorities in Illinois.

[4] Alvarez was indeed transported to Indiana and appeared for a pretrial hearing on January 8, 2019, and the trial court again set the matter for jury trial. The trial court then remanded Alvarez "to the Hamilton County Jail pursuant to a hold by the Department of Homeland Security, to remain in the Hamilton County Jail on that hold until further request from the Department of Homeland Security." Appellant's App. Vol. 2 at 27.

[5] The trial date was later vacated, and a guilty plea hearing was held on May 17, 2019. Alvarez pled guilty to one count of level 6 felony sexual battery in

exchange for dismissal of the rape charges. On June 27, 2019, the trial court sentenced Alvarez to two and a half years in the Department of Correction. During the sentencing hearing, Alvarez requested credit for the time served after he was returned to the Hamilton County Jail in January 2019 up until sentencing. The State responded that Alvarez was not entitled to the credit time because he had posted bond and was released in the current case and was only in custody due to the federal ICE hold. The trial court reviewed the prior proceedings, and its writ of habeas corpus ad prosequendum, and determined that Alvarez had already posted bond in the current case and was being detained solely based upon the federal hold. The court observed that the writ was simply a "transport order," and that Alvarez was no longer accruing credit time in the current case when he was returned to Hamilton County. Tr. Vol. 2 at 54. Accordingly, the trial court granted Alvarez credit for the eighteen actual days plus eighteen good time credit days served in the Hamilton County Jail prior to him posting bond (October 10 through October 27, 2018), but denied his request for credit time for the period spent awaiting conviction and sentencing after he was returned to Indiana in January 2019.

[6] On July 26, 2019, Alvarez filed a motion to correct error. The trial court held a hearing on August 8, 2019. During the hearing, Alvarez argued that the federal government had been ready to deport him to El Salvador at the time he was returned to Indiana at the trial court's request, and therefore he should receive credit toward his Indiana sentence for the time detained here. The State reiterated that Alvarez was in custody at all times at the behest of federal

authorities, and therefore he was not entitled to the credit time requested. At the conclusion of the hearing, the trial court denied the motion to correct error. This appeal ensued.

## Discussion and Decision

[7] Alvarez appeals the trial court's denial of his motion to correct error. The trial court has discretion to grant or deny a motion to correct error, and we reverse the court's decision only for an abuse of discretion. *James v. State*, 872 N.E.2d 669, 671 (Ind. Ct. App. 2007). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before it or if the court has misinterpreted the law. *Id*.

[8] Pursuant to the Indiana Penal Code, prisoners receive credit time that is applied to reduce their term of imprisonment. *Purdue v. State*, 51 N.E.3d 432, 436 (Ind. Ct. App. 2016). "The time spent in confinement before sentencing applies toward a prisoner's fixed term of imprisonment." *Id*. (citation omitted). "Accrued time" is the amount of time that a person is imprisoned or confined. Ind. Code § 35-50-6-0.5. "Credit time" is the sum of a person's accrued time, good time credit, and educational credit. *Id*. A person who: (1) is not a credit restricted felon; and (2) is imprisoned for a level 6 felony or a misdemeanor or imprisoned awaiting trial or sentencing for a level 6 felony or misdemeanor is initially assigned to class A. Ind. Code § 35-50-6-4. A person assigned to Class A, "earns one (1) day of good time credit for each day the person is imprisoned for a crime or confined awaiting trial or sentencing." Ind. Code § 35-50-6-3.1.

"Because pre-sentence jail time credit is a matter of statutory right, trial courts generally do not have discretion in awarding or denying such credit." *Perry v. State*, 13 N.E.3d 909, 911 (Ind. Ct. App. 2014) (citation omitted).

[9] Alvarez claims that the trial court improperly declined to give him credit for the time he spent in the Hamilton County Jail after he was transported back to Indiana by federal authorities pursuant to the writ of habeas corpus prosequendum.[1] *See* Ind. Code § 35-33-10-5 (outlining procedure for securing attendance, for purposes of state criminal prosecution, of defendants confined in federal institutions). We find our supreme court's decision in *Sweeney v. State*, 704 N.E.2d 86, 109 (Ind. 1998), *cert. denied* (1999), instructive on this issue. In *Sweeney*, the defendant was serving a federal sentence when he was brought back to Indiana to face pending criminal charges. Following his conviction in Indiana, he argued that the trial court erred in denying him credit time for his pretrial detention in the Clark County Jail awaiting trial. However, as in this case, the defendant in *Sweeney* was being detained at the behest of federal authorities when he was brought back to Indiana to face pending

---

[1] As noted by the State, this type of writ "permits one sovereign—called the 'receiving sovereign'—to 'borrow' temporarily a person in the custody of another sovereign—called the 'sending sovereign'—for the purpose of prosecuting him." *Jake v. Herschberger*, 173 F.3d 1059, 1062 n.1 (7th Cir. 1999). The receiving sovereign is then permitted to "perform such acts as indicting, arraigning, trying, and sentencing the person." *Id*. (citation omitted). "Because the receiving sovereign merely obtains limited jurisdiction over the 'borrowed' prisoner, the prisoner is still under the jurisdiction of the sending sovereign, and is considered to be in the custody of the sending sovereign not the receiving sovereign." *Id*.

criminal charges. The trial court determined that because the defendant was incarcerated for other reasons by federal authorities, he was not entitled to credit for the time served in Indiana against his Indiana sentence. Our supreme court affirmed that decision, noting that there are two criteria to consider in determining whether a defendant has a right to pretrial credit time: (1) pretrial confinement (2) which was a result of the criminal charge for which sentence is now imposed. *Id.* (citing *Cohen v. State*, 560 N.E.2d 1246, 1249 (Ind. 1990)). Because the defendant in *Sweeney* was incarcerated as a result of a federal conviction and not due to the charges filed by the State of Indiana, the court determined that the defendant was properly denied pretrial credit time. *Id*.

[10] In making its decision, the *Sweeney* court looked to an earlier decision by this Court that is even more analogous to Alvarez's case. The court explained:

> The facts of this case are substantially similar to the facts in *Smith v. State*, 165 Ind. App. 37, 330 N.E.2d 384, 388 (Ind. Ct. App. 1975). After being released on bail from state charges, defendant Smith was convicted for another crime and incarcerated in federal prison. The State of Indiana, pursuant to a Writ, obtained temporary custody of Smith from federal authorities. Smith argued that he should receive credit time for the period after Indiana assumed jurisdiction over him. The Court of Appeals denied pre-trial credit time because Smith's incarceration "was occasioned by his conviction in federal court, and not by reason of the charges in the case at bar." *Smith*, 330 N.E.2d at 388. Additionally, the court noted that the trial court's custody of defendant "was with the permission and on behalf of federal officials." *Id*.

*Id*.

As with the defendants in *Sweeney* and *Smith*, Alvarez's pretrial confinement in the Hamilton County Jail was not a result of the criminal charges for which the trial court here was imposing sentence. In other words, Alvarez was not subject to pretrial/presentence confinement based upon the Indiana charges for which he had already posted bond and been released. Rather, Alvarez was in custody with the permission and on behalf of the federal authorities who transported him to Indiana to face the current charges.[2] Accordingly, Alverez was not entitled to credit for the time served after he was returned to Indiana awaiting conviction and sentencing. We conclude that the trial court did not abuse its discretion in denying Alvarez's motion to correct error.

Affirmed.

May, J., and Pyle, J., concur.

---

[2] Alvarez argues that if the current criminal case "would have been a federal case, rather than a state case, he would have received credit against his eventual criminal sentence pursuant to federal law." Appellant's Br. at 10 (citing *Zavala v. Robert Ives*, 785 F.3d 367, 369 (9th Cir. 2015) (holding that where ICE detains alien pending potential criminal prosecution, that detention constitutes "official detention" within meaning of 18 U.S.C. § 3585(b) and alien is accordingly entitled to credit toward criminal sentence). Be that as it may, this is not a federal case.